STURGIS, Chief Judge.
Appellee moves to dismiss this appeal on the ground that the appellant, his divorced wife, has voluntarily and knowingly accepted the benefits inuring to her under the terms and provisions of the final decree appealed and is thereby estopped to maintain the same; that the only procedure by which appellant may escape such estoppel and be entitled to receive from appellee separate maintenance, support or alimony pending her appeal is that provided by Florida Appellate Rule 3.8(b), 31 F.S.A. :
“(b) If an appeal is taken from an order or decree awarding separate maintenance, support or alimony, the lower court may in its discretion, upon proper notice and hearing, order the payment of separate maintenance, support or alimony pending such appeal in such amounts and under such terms and conditions as may be just and equitable. Such order shall be subject to super-sedeas only by the appellate court upon motion and for good cause and then only upon such conditions as shall be imposed by such appellate court, including the payment of attorneys’ fees. The acceptance of the benefits thereof shall be without prejudice to the rights of the beneficiary to raise as issues on the appeal the correctness of any of the terms or provisions of the original order or decree appealed.”
The final decree of divorce entered herein on December 3, 1963, found the equities in favor of the appellee-husband, plaintiff below. It provided, inter alia, that he should have permanent custody and control of the two younger children and the appellant wife that of the two older children born of the marriage, and each was accorded visitation privileges. It required appellee to pay appellant alimony of $100 per month for a period of six months beginning January 1, 1964, to pay appellant the sum of $250 per month for the support of each child committed into her custody until such child becomes 21 years of age, marries, dies, or becomes self-supporting, and to pay $11,000 to appellant’s attorneys, Messrs. A. G. Campbell, Jr., and Earl D. Hendon, for their services on her behalf in the trial court. Appellee has promptly paid or tendered payment of each and every the sums of money so ordered to be paid.
On or before January 1, 1964, appellant received and applied to her account the proceeds of appellee’s check in her favor covering the January 1, 1964, alimony payment of $100. In due course she received checks from appellee for $100 each covering such payments for the months of February through June, 1964, inclusive, but did not cash or return them to appellee. The originals of these checks are attached as exhibits to appellant’s reply filed July 3, 1964, to appellee’s said motion to dismiss. On the face of the checks dated and covering February 1, 1964, and March 1, 1964, payments appellee’s address is clearly given as “410 No Bay Drive, Golden Beach, Fla.”
On February 21, 1964, the appellant, acting pro se, and without any directive of the trial court or proceedings therein, wrote a letter to the clerk of the trial court and enclosed therein the sum of $100 with the explanation that she had cashed appellee’s check (of January 1, 1964) on advice of Alabama counsel who had informed her that it was proper for her to do so and that it would not endanger her intention to appeal, and further stated that she had subsequently been advised by Florida attorneys that the act of cashing the check may have endangered her appeal. The clerk deposited said sum in the registry of the court where it apparently remains.
Appellant’s reply by counsel to the motion to dismiss alleges in effect: That she *606 believes she is able to present fairly debatable issues on this appeal if allowed to prosecute it; that among these is a contention that the trial court erred in awarding custody of the two minor children to appel-lee ; another is that it erred in limiting the $100 alimony payments to a period of six months. By way of excuse for having cashed and applied to her account appellee’s January 1964 alimony payment of $100 without protecting her right to maintain this appeal in the manner contemplated by Florida Appellate Rule 3.8(b), she alleges that her Florida counsel on the trial (Mr. Campbell) had withdrawn from representation and that she inquired of her Alabama attorney, Mr. Hendon, for “advice on the cashing of the same”; that Mr. Hendon advised her “it would be all right to cash the check and that it would not have any significance insofar as her appeal was concerned.” She alleges that later on she received advice, the nature of which is not specified, from an undisclosed Florida attorney and that on February 21, 1964, she sent $100 to the clerk of the trial court with directions only to hold it in the court.
Attached to appellant’s reply is an affidavit of the Alabama attorney, Mr. Hendon, who deposed that
“On or about the first of January, Mrs. Brackin [appellant] called me and stated that she had received a $100 check from Mr. Brackin [appellee]. She reported that the backside of the check identified the check as being one payable pursuant to the order of the court. Mrs. Brackin asked me if this had any .significance and I told her no, that she -could go ahead and cash the check. Sometime later she told me she had been informed that her cashing that check might bar her from appealing the decree. I had from the beginning encouraged Mrs. Brackin to appeal the decree. I was not aware of any rule of law in the State of Florida which would have caused her acceptance of the $100 to be in any way a hindrance of her appeal. Under the orders of the court existing just prior to the decree, Mr. Brackin was required to pay Mrs. Brackin the sum of $700 a month and commencing with the decree, $600 a month, including the amount for the support of the children.”
The motion in this case is governed by our decision in Carter v. Carter, 141 So.2d 591 (1962), in which the issue of divorce was resolved in favor of the husband and the final decree appealed by the wife also ratified and confirmed an agreement pen-dente lite settling personal' and property rights growing out of the marital relation. The appellee husband fully complied with the decree and the appellant wife accepted all benefits accruing to her thereunder; and it was in this posture that she sought reversal of the provision of the decree granting divorce but did not challenge the provisions providing said benefits. Under the facts peculiar to that case we held that she was estopped to maintain the appeal. Wigginton, J., speaking for the court, cited as authority for our conclusion the specially concurring opinion of Mr. Justice Drew in Brooks v. Brooks, 100 So.2d 145 (Fla.1958), in which the majority did not hand down a written opinion. In Brooks, as in the case now on review, the appellant wife accepted a lump sum award of alimony ; hence the principle on which Justice Drew, joined by Justice O’Connell, would have invoked an estoppel against maintaining that appeal, though arising from facts dissimilar to those in the Carter case, is essentially the same as that which we applied in the Carter case.
Specifically, our dismissal of this appeal rests on the fact that pending this appeal the appellant in effect accepted a lump sum award of alimony provided by the decree appealed. She did not avail herself of the provisions of Florida Appellate Rule 3.8(b).
We are aware that a direct conflict on a point of law appears to exist between the decision of this court in Claus v. Claus, 163 So.2d 26 (Fla.App.1964), and the decision of the Florida District Court of Appeal, *607 Second District, in Hartley v. Hartley, 134 So.2d 281 (Fla.App.1961), in that in Claus we applied the rule of estoppel announced in the Carter case to a situation where the appellant wife sought review of the trial court’s judgment touching upon an award of permanent alimony payable periodically, whereas in Hartley an opposite conclusion was reached. Our conclusion in the instant case is limited strictly to a situation where the appellant wife seeks reversal of a final decree which awards to her a lump sum for alimony and pending the appeal accepts the same.
For the reasons stated, appellee’s motion is well taken and this appeal is
Dismissed.
RAWLS, J., concurs.
CARROLL, DONALD K., J., concurs with judgment.