STURGIS, Judge
(dissenting).
The motion forming the subject of the majority opinion is verified by an affidavit of the movant reflecting compliance with a final decree which dissolved the marriage and awarded permanent alimony and child support money to appellant payable in monthly installments. In a dissent in Fort v. Fort, 167 So.2d 315 (Fla.App.1964), I discussed at length my views concerning the inapplicability of Florida Appellate Rule 3.8(b) to an appeal from a postdecretal order reducing an award of permanent alimony payable in periodic installments. The principles which I sought to express in that dissent apply with equal force to an award of permanent alimony payable in monthly installments and not challenged by the party amerced, which is the state of this appeal.
A further and illuminative discussion of the general subject of estoppel as invoked by the majority herein is found in the dissenting opinion of Barnes, J., to the Florida Supreme Court’s discharge of the writ of certiorari issued by it in the unreported case of Brackin v. Brackin, Case No. 33,912, opinion filed July 28, 1965. Reference to the decision of this court in Brackin v. Brackin, 167 So.2d 604 (Fla.App. 1964), forming the subject of said writ, will disclose that said case involved the acceptance of payments made in accordance with the decree on account of a lump mm award of alimony. In my opinion the lump sum feature of the alimony awarded in Brooks, v. Brooks, 100 So.2d 145 (Fla. 1958), is the basis upon which Mr. Justice Drew wrote the concurring opinion in Brooks. It is. also pertinent to note that our decision in Brackin v. Brackin was “limited strictly to a situation where the appellant wife seeks; reversal of a final decree which awards to. her a lump sum for alimony and pending-the appeal accepts the same.”
As stated by the annotator in 169 A.L.R.. 1030:
“The question whether an appellant has lost his right of appeal by accepting satisfaction of some part of a judgment or decree, or some item entering into it, depends upon whether that part or item may be adversely affected by any disposition of the case made on the-appeal. Unless the other party has-conceded liability for it, it will be so-affected unless it is separable. ‘If a party to a judgment accepts payment: or satisfaction of a part thereof which is favorable to him, and that part is of such a character that the part adverse-to him cannot be reversed without affecting the part which is in his favor and requiring the reversal of that part also, the party so accepting the fruits-of a part of the judgment in his favor is estopped from prosecuting an appeal' from those parts which are against him.’ Walnut Irrig. Disk v. Burke (1910) 158 Cal. 165, 110 P. 517.”
In the instant case, the acceptance by-appellant of the specified payments of alimony and support money, under a decree- *672 as to which no error is asserted by appellee, cannot' adversely affect any rights of the appellee upon any disposition of the case that may be made on the appeal, and I respectfully suggest that appellant’s failure to invoke the relief afforded under Florida Appellate Rule 3.8(b) is obviously innocuous and should not operate to bar her right to appeal.
I therefore dissent.