182 So.2d 1 (1966)
Frauken Elizabeth BRACKIN, also known as Frauke Gross Brackin, Petitioner,
v.
Nelson Louis BRACKIN, Respondent.
No. 33912.
Supreme Court of Florida.
January 12, 1966.
*2 J. Lewis Hall, of Hall, Hartwell & Hall, Tallahassee, for petitioner.
A.K. Black, Lake City, and Milton M. Ferrell, Miami, for respondent.
BARNS, PAUL D., Justice (Ret.)
Petitioner seeks review on certiorari of the decision in Brackin v. Brackin, Fla. App., 167 So.2d 604, on the ground of conflict of this decision with other decisions. Section 4(2) of Article V of the Constitution, F.S.A. provides that "The supreme court may review by certiorari any decision of a district court of appeal * * * that is in direct conflict with a decision of another district court of appeal or the supreme court on the same point of law * * *." We find error and grant certiorari.
As more fully stated in the reported decision of Brackin v. Brackin, supra, the final decree appealed granted the husband a divorce and awarded him permanent custody of their two younger children, and the appellant-wife that of the two older children; the payment of $100.00 monthly to the wife for six months and $250.00 per month per child for support of the children awarded the wife until their majority; and, $11,000.00 for fees and expenses of her attorneys.
The wife appealed from the final decree and assigned errors as follows:
"1. That the Trial Court erred in its Final Decree of December 3, 1963, in adjudging that the equities of the causes were with the Plaintiff.
"2. That the Trial Court erred in adjudging that the Defendant was entitled to alimony of $100 per month for only six months.
"3. That the Trial Court erred in finding that the custody of the two younger children be given to the Plaintiff.
"4. That the Trial Court erred in making no provision for the Defendant in the use or occupance of the marital home.
"5. That the Trial Court erred in failing to make equitable distribution of the properties of the parties."
The husband-appellee moved to dismiss the appeal on the ground that appellant-petitioner-wife had voluntarily and knowingly accepted the benefits of the decree appealed and was thereby estopped. At the time of the motion, he seems to have paid the wife's attorneys, and to have paid a total of $2,500.00 for support of the children, and have paid the $600.00 alimony due the wife, which had been qualifiedly accepted, as more fully set forth in Brackin v. Brackin, supra. The award of attorneys' fees was ordered to be paid not to the wife, but to the attorneys direct, for their compensation and expenses in representing the wife. The wife cashed the first check for her alimony and then paid the $100.00 into the registry of the court.
The lower court, in holding that the wife was estopped to attack the merits of the final decree by appeal because of the occurrences above recited, stated:
"Specifically, our dismissal of this appeal rests on the fact that pending this appeal the appellant in effect accepted a lump sum award of alimony provided by the decree appealed. * * *" [Emphasis added.]
The foregoing application of the law of estoppel to the appellant, petitioner here, *3 was based on Carter v. Carter, infra, as stated in Brackin v. Brackin, supra:
"The motion in this case is governed by our decision in Carter v. Carter, Fla.App., 141 So.2d 591 (1962), in which the issue of divorce was resolved in favor of the husband and the final decree appealed by the wife also ratified and confirmed an agreement pendente lite settling personal and property rights growing out of the marital relation. The appellee husband fully complied with the decree and the appellant wife accepted all benefits accruing to her thereunder; and it was in this posture that she sought reversal of the provision of the decree granting divorce but did not challenge the provisions providing said benefits. Under the facts peculiar to that case we held that she was estopped to maintain the appeal. * * *"
In Hartley v. Hartley, Fla.App., 134 So.2d 281, the lower court, on application of the husband, made "an order directing the husband to pay to the wife the sum of $400, representing alimony installments past due, with the provision that, upon such sum being paid, the final decree was modified to terminate any and all alimony." The husband paid the sum of $400.00 to the wife, which she accepted. The wife filed a motion to vacate the order which terminated the alimony upon payment of the $400.00, which the court denied, and from which order of denial she prosecuted an appeal.
The husband, in the wife's appeal, contended that she was estopped to challenge the validity of the order terminating the alimony by having accepted the $400.00. The appellate court ruled that the wife was not estopped because she had a right to receive the $400.00 and the amount was not in controversy, but it was substantially in controversy until the husband paid it under coercion of the court's order. The wife's acceptance did not operate to the detriment of the husband's interest, nor to an unjust advantage to the wife.
Weatherford v. Weatherford, Fla., 91 So.2d 179, involved the right of the husband to maintain his appeal from the decree of divorce after he had accepted the benefits of the decree of divorce granted the wife by remarrying, pending the appeal. The court denied the appellee's motion to dismiss, and allowed the husband's appeal to stand relative to alimony, property, and attorney's fees, clearly recognizing the right to maintain an appeal from a final decree when success on appeal would not affect the basis of the benefits received.
On the question of estoppel as against one taking under a judgment, 1B Moore's Federal Practice (2nd Ed.) pp. 778-779, § 0.405 [10] states:
"Even though a judgment is not binding under principles of res judicata, a person who accepts and retains the benefits of a judgment or other judicial order may nevertheless be estopped from denying its validity in subsequent litigation. This rule applies whether the alleged invalidity results from lack of jurisdiction over the person or over the subject matter. Although it has the desirable effect of reducing litigation, this estoppel is not based on the public policy against relitigating identical or similar issues. Rather, the estoppel is grounded on the basic inequity of permitting a person to take advantage of a judgment and also to attack its validity.

"The rule forbidding attack on a judgment by one who accepts benefits thereunder is not limited to collateral attack. The same rule may be used to defeat a direct attack while the appellant retains the benefits of the judgment he seeks to have reversed. A person may, however, retain the benefits of a judgment and also appeal from it where the appeal if successful could not affect his right to the benefit. *4 An example is an appellant admittedly entitled to the amount awarded by the judgment but claiming that he is entitled to a greater amount." [Emphasis added.]
In support of the foregoing statement, Moore cites, among others, the following United States Supreme Court decisions:
Embry v. Palmer, 107 U.S. 3, 2 S.Ct. 25, 27 L.Ed 346, is a case where the judgment debtor brought suit in equity to enjoin the enforcement of a $9,000.00 judgment on ground of fraud, admitting a debt of $2,000.00. The trial court granted a perpetual injunction against the judgment creditor enforcing the $9,000.00 judgment, conditioned upon the plaintiff paying the $2,000.00 admittedly due; the $2,000.00 was paid and accepted. The judgment creditor brought review of the final decree of perpetual injunction and the judgment debtor suggested that the appellant, judgment creditor, was estopped to prosecute the appeal because of the acceptance of the $2,000.00. The court, in holding there was no estoppel, stated:
"* * * Without entering upon a discussion of the general question, it is sufficient for the present purpose to say that no waiver or release of errors, operating as a bar to the further prosecution of an appeal or writ of error, can be implied, except from conduct which is inconsistent with the claim of a right to reverse the judgment or decree which it is sought to bring into review. If the release is not expressed, it can arise only upon the principle of an estoppel. The present is not such a case. The amount awarded, paid, and accepted constitutes no part of what is in controversy. Its acceptance by the plaintiff in error cannot be construed into an admission that the decree he seeks to reverse is not erroneous; nor does it take from the defendants in error anything, on the reversal of the decree, to which they would otherwise be entitled; for they cannot deny that this sum, at least, is due and payable from them to the plaintiff in error. But in every point of view the objection is met and answered by the decision of this court in the case of United States v. Dashiel, 3 Wall. 688, 18 L.Ed. 268."
Embry v. Palmer, supra, was followed with approval in Reynes v. Dumont, 130 U.S. 354, 9 S.Ct. 486, 32 L.Ed. 934, and Gilfillan v. McKee, 159 U.S. 303, 16 S.Ct. 6, 40 L.Ed. 161. As stated in an Annotation in 169 A.L.R. 1014, Reynes v. Dumont (U.S.) supra, was a proceeding to recover securities which the defendant claimed to hold under a banker's lien and the court held that:
"* * * The plaintiff's acceptance of a balance of the securities conceded to remain above the amount of the lien was held not to bar him from appealing as to the validity of the judgment affirming the lien. The court said: `The acceptance by appellants of what was confessedly theirs cannot be construed into an admission that the decree they seek to reverse was not erroneous, nor does it take from appellees, anything, on the reversal of the decree, to which they would otherwise be entitled.'"
Davis v. Wakelee, 156 U.S. 680, 15 S.Ct. 555, 39 L.Ed. 578, was an appeal from a final decree perpetually enjoining the appellant from claiming a California personal judgment for $22,000.00, to be void in event of a suit on the judgment. The equity suit was based on equitable estoppel. Pending Davis' bankruptcy proceedings, Wakelee brought suit in California on Davis' six promissory notes and obtained the judgment against Davis without personal service or the California court obtaining jurisdiction over the defendant. When Davis petitioned for a discharge in the bankruptcy court, Wakelee filed objections, which Davis moved to dismiss on the ground that subsequent to *5 the commencement of the bankruptcy proceedings Wakelee had brought suit on the notes by leave of court and "said judgment still stood of record in said Fifteenth District Court and was in full force", and was subsisting, valid and enforceable. Upon these representations, the objections were stricken and the discharge in bankruptcy granted Davis. In affirming the lower court's injunction, the court held:
"It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him * * *
"* * *
"It is contrary to the first principles of justice that a man should obtain an advantage over his adversary by asserting and relying upon the validity of a judgment against himself, and in a subsequent proceeding upon such judgment claim that it was rendered without personal service upon him. Davis may possibly have been mistaken in his conclusion that the judgment was valid, but he is conclusively presumed to know the law, and cannot thus speculate upon his possible ignorance of it. He obtained an order which he could only have obtained upon the theory that the judgment was valid. His statement that it was in force was equivalent to a waiver of service, a consent that the judgment should be treated as binding for the purposes of the motion, and he is now estopped to take a different position."
Gilfillan v. McKee, 159 U.S. 303, 16 S.Ct. 6, 40 L.Ed. 161, involved claims by the appellant from two funds. He was awarded his claim from one fund and his claim against the other fund was denied. He accepted the award and appealed from the decree as to the denial of his other claim, and the court held:
"* * * Clearly, his acceptance of a share in the special fund did not operate as a waiver of his appeal from the other part of the decree disposing of the general fund. There is nothing inconsistent in his action in accepting the amount awarded to him from the special fund, and appealing from the refusal of the court to award him the general fund. As was said by this court in Embry v. Palmer, 107 U.S. 3, 8, 2 S.Ct. 25, 27 L.Ed. 346: `No waiver or release of errors, operating as a bar to the further prosecution of an appeal or writ of error, can be implied except from conduct which is inconsistent with the claim of a right to reverse the judgment or decree which it is sought to bring into review. If the release is not expressed, it can arise only upon the principle of an estoppel. The present is not such a case. The amount awarded, paid, and accepted constitutes no part of what is in controversy. Its acceptance by the plaintiff in error cannot be construed into an admission that the decree he seeks to reverse is not erroneous."

ESTOPPEL EXTINGUISHED
Assuming arguendo, that the wife would be estopped to prosecute her appeal from that portion of the decree providing for alimony because of an acceptance of its benefits in that respect, the circumstances here show an extinguishment of the estoppel because the husband, by the wife's tender, can be placed in statu quo and the husband has not changed his position to his injury and damage by the wife's acts.
Griley v. Griley, Fla., 43 So.2d 350, and Murphy v. Murphy, Fla., 170 So. 856, involve extinguishment of estoppel on facts and circumstances common to both cases. In each case the widow accepted property under a will and thereafter elected to renounce the benefits of the will and to take dower instead. In both cases, the election *6 to take dower was objected to on grounds of estoppel, and in each case the objection was disallowed and the court held that the benefits previously received should be taken into account at the time of the assignment of dower to the widow and disallowed estoppel.
In Jones v. Neibergall, Fla., 53 So.2d 918, the daughter of the decedent sought to assert a claim for her share in the mother's homestead. She had received her share of the estate pursuant to the mother's will, which will was executed after the mother held a family conference at which time the mother's plan of distribution was outlined and agreed to. The daughter was held estopped to assert her claim to her share of the homestead because she did not offer to return what she had received under the will. The will devised the homestead to her brother.
As to release of errors, as stated by Embry v. Palmer, supra, "If the release is not expressed, it can arise only upon the principle of an estoppel." As reflected by petitioner's assignment of errors on the appeal, she sought review of several severable aspects of the decree and partial success on the appeal would not require the annulment of the decree appealed from. She has not approbated and reprobated sufficient to work an estoppel to prosecute the appeal.

NATURE OF ALIMONY
In Audubon v. Shufeldt, 181 U.S. 575, 21 S.Ct. 735, 45 L.Ed. 1009, the Supreme Court held:
"Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. * * *"
In Willits v. Willits, 76 Neb. 228, 107 N.W. 379, 5 L.R.A.,N.S., 767, 14 Ann.Cas. 883, the court, in holding that the state is a party in interest in dealing with the husband's duty to his family, held:
"* * * While our law defines marriage as a civil contract * * *, it differs from all other contracts in its far-reaching consequences to the body politic itself, and for that reason, in dealing with it or the status resulting therefrom, the state never stands indifferent, but is always a party whose interest must be taken into account. * * *"
In State ex rel. Cook v. Cook, 66 Ohio St. 566, 64 N.E. 567, 58 L.R.A. 625, it was stated:
"[Alimony] arises from a duty which the husband owes as well to the public as to the wife, but it is not upon any specific contract. * * *"
In Schooley v. Schooley, 184 Iowa 835, 169 N.W. 56, 11 A.L.R. 110, it was held:
"The decree is an admeasurement by which the court makes specific a general duty to support created by the marital relation and by public policy."
The basis of a decree awarding alimony or support money, in the absence of an agreement between the parties, is an obligation imposed by law requiring the husband to do what in equity and good conscience he ought to do under the circumstances. Unlike judgments and decrees for money or property growing out of other actions, alimony and support money may have no foundation other than the public policy which requires the husband to pay what he ought to pay, and the wife's right to receive is not to be treated as waived except when the circumstances clearly require such conclusion. In the absence of other intervening or controlling equities, when the husband is not injured or prejudiced in any way by the wife receiving the money, there is no waiver or estoppel in merely the payment *7 or receipt of the alimony pursuant to order of court.
The district court in dismissing the appeal stated that its dismissal of the appeal rested on the wife having accepted a lump sum award of alimony. The award of $100.00 per month for six months in our jurisprudence would be classified as alimony, but it was not a "lump sum" award. It was six different sums; it was not a substantial award; it was "go-way" money like severance pay to aid in the reorientation of the recipient. The support money was for the children's support and not the wife's benefit; the wife was only the conduit.
In Carter v. Carter, supra, the trial court's final decree confirmed a personal and property agreement entered into between the parties in event of a divorce. The husband fully performed, and the wife accepted "all benefits", then she sought to take from the husband his benefits, the divorce, by an appeal seeking only a reversal of the decree granting the divorce. The court held she was estopped to maintain the appeal. In Weatherford v. Weatherford, supra, the court recognized that an appeal may be severable and that an estoppel as to one element of the decree appealed would not be visited on the parts of the decree as to which there was no estoppel, since success on appeal would not require the vacating of the decree as a whole.
From time to time courts have seemed to place undue emphasis on the fact that appellant-wife failed to make application to the lower court for alimony or support money pending appeal, as permitted by Appellate Rule 3.8(b), 31 F.S.A. The purpose of this rule is to permit the lower court to shoulder what would otherwise likely be the exclusive burden of the appellate court; the rule is remedial in purpose and does not limit the rights of the parties. When it is not utilized, its non-use in nowise affects the rights of anyone. Its mere non-use cannot be used as a weapon.
We find that the wife was not estopped to prosecute her appeal; certiorari is granted and
The decision of the District Court is quashed.
THOMAS, DREW and O'CONNELL, JJ., concur.
THORNAL, C.J., and CALDWELL and ERVIN, JJ., dissent.