WIGGINTON, Acting Chief Judge.
On July 22, 1965, this court rendered its final judgment in the above-entitled cause dismissing the appeal on the ground that appellant had accepted the alimony and child support awarded her by the final decree, and after accepting such benefits appealed the decree without protecting her right to do so by complying with the provisions of Florida Appellate Rule 3.8(b), 31 F.S.A., and in violation of the established rule of equity that one cannot accept the fruits and benefits of an order, judgment, or decree of the court and thereafter question the correctness of that decree by appeal therefrom.
The Supreme Court reviewed our decision in response to a petition for writ of cer-tiorari, and because the record on appeal did not include appellant’s assignment of errors it remanded the cause to this court for reconsideration in the light of the Supreme Court’s decision in Brackin v. Brackin, (Fla.1966) 182 So.2d l.[1]
We have now procured from the trial court a copy of appellant’s assignment of errors and find that each and every aspect of the final decree is challenged by this appeal, including the correctness of the decree on the assertion that it is contrary to the law and manifest weight of the evidence; the correctness of the court’s ruling denying appellant’s counterclaim for separate maintenance; and, the amount of alimony and child support awarded by the decree is inadequate in light of the evidence adduced at the trial.
By its decision in Brackin, supra, the Supreme Court held that:
“ * * * In the absence of other intervening or controlling equities, when the husband is not injured or prejudiced in any way by the wife receiving the money, there is no waiver or estoppel in merely the payment or receipt of the alimony pursuant to order of court.”
In Brackin the court further held that compliance by a wife with the requirements of Appellate Rule 3.8(b) [2] is permis *512 sive rather than mandatory, and failure to comply with which is not cause for dismissing a wife’s appeal on the ground of estop-pel.
In light of the foregoing decision of the Supreme Court in Brackin v. Brackin, the order heretofore entered in this cause dismissing the appeal is vacated and set aside, and the appeal is reinstated for further proceedings.
STURGIS and CARROLL, DONALD K., JJ., concur.

. Hines v. Hines, 1966, Fla., 183 So.2d 531.

. Rule 3.8(b), F.A.B.
“If an appeal is taken from an order or decree awarding separate mainteance, support or alimony, the lower eourt may in its discretion, upon proper notice and bearing, order the payment of separate maintenance, support or alimony pending such appeal in such amounts and under such terms and conditions as may be just and equitable. *512 Such order shall be subject to super-sedeas only by the appellate court upon motion and for good cause and then only upon such conditions as shall be imposed by such appellate court, including the payment of attorneys’ fees. The acceptance of the benefits thereof shall be without prejudice to the rights of the beneficiary to raise as issues on the appeal the correctness of any of the terms or provisions of the original order or decree appealed.”