SACK, Judge.
Appellant, who was defendant below, appeals from a final decree granting a divorce to the appellee, who was the plaintiff below. The facts are fully set out in the prior appearance of this case in this court in Brackin v. Brackin, Fla.App.1964, 167 So.2d 604; certiorari granted in Brackin v. Brackin, Fla.1966, 182 So.2d 1.
The complaint charged the defendant with violent and ungovernable temper, extreme cruelty, and adultery. The final decree found, “That the equities of this cause are with -the plaintiff * * *,’’ without specifically finding whether one or more or all of the charges had been sustained. If believed by the Chancellor, there' was substantial competent evidence to sustain each of the grounds. In the decree, the Chancellor directed that the plaintiff pay the defendant the sum of one hundred dollars per month for a period of six months. On the subject' of the custody of the parties’ four children, he awarded the permanent custody of the two elder children to the defendant, and the custody of the two younger children to the plaintiff, and further provided that the plaintiff should have the right to have the two older children visit with him one weekend out of each month and the defendant should have the light to have the two younger children visit with her during the weekend that the two older children visit with the plaintiff; that the plaintiff should have the custody of the two older children during the second week of Christmas school vacation each year and the defendant should have the custody of the two younger children during the second week of the Christmas school vacation while the two older children are in the custody of the plaintiff; that the plaintiff should have the custody of the two older children for a period of six weeks during the summer school vacation; that the plaintiff should notify the defendant at least one month in advance as to the six weeks period during the summer that he would have the custody of the two older children; that the defendant should have the custody of the two younger children during the same six weeks period in the summer when the plaintiff has the custody of the two older children. These exchanges of custody were to be arranged by the parties at the expense of the plaintiff.
Appellant-defendant contends that the finding: “That the equities of this cause are with the plaintiff” does not necessarily find that she was guilty of adultery and therefore not entitled to alimony, but on the contrary that the award of the six hundred dollar payment was, in fact, alimony and therefore negatived any finding of adultery. Accordingly, she claims she was entitled to continued alimony payments, or increased alimony, without the six months limitation.
In its opinion in 1966 in Brackin v. Brackin, supra, the Supreme Court said:
“ * * * The award of $100.00 per. month for six months in our jurisprudence would be classified as alimony, but it was not a 'lump sum’ award. It was six different sums; ' it was not a substantial award; it was ‘go-way’ money like severance pay to aid in the reorientation of the recipient. * * * ”
*818 However, the final decree does not characterize the six hundred dollar payment as alimony, and the word alimony appears nowhere in the final decree, and, in view of the law on the subject, the award of such an insignificant sum could hardly have been considered alimony, in its technical sense, by the experienced Chancellor. We are of the opinion that the decree is equally susceptible of the interpretation that the court did find that the defendant was guilty of adultery and simply awarded her “go-way” money to aid in her reorientation.
The burden of showing error rests on the one asserting it, since decisions of the lower court reach the appellate court clothed with a presumption of correctness. On the question of alimony, appellant has failed clearly to demonstrate error.
Appellant’s second contention is that the separation of the children and their divided custody was erroneous in the light of Arons v. Arons, Fla.1957, 94 So.2d 849, and Kelly v. Kelly, Fla.App.1964, 163 So.2d 498.
 We are of the opinion that under the particular facts of this case, this was one of those unusual situations which might well justify such a division, particularly in view of the rather extensive visitation privileges and arrangements for the children, which he have detailed above. Without being the recipient of any alimony, and having no funds of her own, it was clear that the defendant would probably have to obtain employment. Taking care of four children, even with support money from the plaintiff, might well have greated difficulties of its own. Since the Chancellor retained jurisdiction touching on the custody of the children, the visitation rights of the parties and the support of the minor children, if the present arrangement which was ordered in 1963 does not comport with the welfare of the children, then application can be made to the Circuit Judge for any necessary modification.
Here again the appellant has not carried the burden of clearly demonstrating reversible error.
Accordingly the decree appealed from is hereby affirmed.
WIGGINTON, Acting C. J., and JOHNSON, J., concur.