PEARSON, Judge.
We are presented with appellee’s motion to dismiss this appeal upon the ground that the appellant has accepted the benefits of the decree that she now seeks to overturn. The appellant is the former wife and the appellee is her former husband.
The question raised by appellee’s motion to dismiss is whether an alimony award may be accepted during the pendency of an appeal without prejudice to the appeal. There has been some confusion concerning this problem and most of it stems from interpretations of Rule 3.8, subd. b, F.A.R.,[1] 31 F.S.A.
The Florida Appellate Rules were amended as of July 7, 1961. Prior to the amendment of the Appellate Rules, the Supreme Court had not stated a definite rule concerning whether or not one could accept alimony or support payments and still be able to appeal from the decree which awarded such.
In Brooks v. Brooks, Fla.1958, 100 So.2d 145, a case decided before the Appellate Rules were amended, the Supreme Court affirmed a divorce decree which had awarded permanent alimony to the wife and substantial counsel fees to'her solicitor. The court affirmed the decree without an opinion, but there was a special concurring opinion. The concurring opinion stated that a fundamental principle is that one may not accept the fruits of a decree and at the same time appeal from it. It was further stated that:
(b) If an appeal is taken from an order or decree awarding separate maintenance, support or alimony, the lower court may in its discretion, upon proper notice and hearing, order the payment of separate maintenance, support or alimony pending such appeal in such amounts and under such terms and conditions as may be just and equitable. Such order shall be subject to supersedeas only by the appel-
“This rule applies in appeals from decrees awarding alimony or questioning the propriety of the divorce or other provisions the same as it does to other civil suits in the absense of a contrary statute or court rule. 27 C.J.S. Divorce § 284.” late court upon motion and for good cause and then only upon such conditions as shall be imposed by such appellate court, including the payment of attorneys’ fees. The acceptance of the benefits thereof shall be without prejudice to the rights of the beneficiary to raise as issues on the appeal the correctness of any of the terms or provisions of the original order or decree appealed.”
Subsequent to the concurring opinion in the Brooks case, supra, the Florida Appellate Rules were amended as previously noted. The problem which the courts were now faced with was whether Rule 3.8, subd. b, F.A.R., as amended, obviated the waiver rule set forth in the concurring opinion of Brooks v. Brooks.
This Court decided in Hadley v. Hadley, Fla.App.1962, 140 So.2d 325, that in order to bring oneself under Rule 3.8, subd. b, it would be necessary for the appellant to apply to the lower court for an order requiring the payment of the separate maintenance, support or alimony pending such appeal. We held that the wife had waived her right to appeal with respect to the award for alimony where she had accepted payment of sums awarded in the final decree and did not comply with Rule 3.8, subd. b, F.A.R. Following our decision in the Hadley case, the Supreme Court had the occasion to construe Rule 3.8, subd. b, F.A.R. and its effect on waiver of *819 the right to appeal. In Brackin v. Brackin, Fla.1966, 182 So.2d 1, the court held:
“From time to time courts have seemed to place undue emphasis on the fact that appellant-wife failed to make application to the lower court for alimony or support money pending appeal, as permitted by Appellate Rule 3.8(b), 31 F.S.A. The purpose of this rule is to permit the lower court to shoulder what would otherwise likely be the exclusive burden of the appellate court; the rule is remedial in purpose and does not limit the rights of the parties. When it is not utilized, its non-use in nowise affects the rights of anyone. Its mere non-use cannot be used as a weapon.”
The Supreme Court further emphasized this ruling in Blue v. Blue, Fla.1966, 183 So.2d 205, where it held:
“We are not unmindful of the confusion that has arisen due to various constructions that have been given Rule 3.8, F.A.R., 31 F.S.A. As a result, we are contemplating a revision of this rule in the near future to provide that during the pendency of an appeal from an alimony award the amount awarded by the chancellor may be accepted without prejudice to the appeal.
In the meantime, following Brackin v. Brackin, supra, our decision in this case will apply similarly as contemplated in the indicated rule revision.”
It is apparent from Brackin v. Brackin, and Blue v. Blue, that the Supreme Court interpreted Rule 3.8, subd. b, F.A.R., as permitting an appeal from an alimony award when alimony payments had been accepted during the pendency of the appeal. This is the same conclusion reached by the District Court of Appeal, First District, in Hines v. Hines, Fla.App.1966, 184 So.2d 510. Their interpretation of the Brackin decision was that the compliance with the requirements of Rule 3.8 subd. b, F.A.R., is permissive rather than mandatory, and failure to comply with the rule is not a reason for dismissal.
In light of the recent decisions of the Supreme Court, we hold that the right to appeal was not waived when the appellant accepted alimony payments provided for in the decree. We interpret the recent Florida Supreme Court cases as holding that a wife who accepts the payment of alimony under a divorce decree will not be estopped to contest the amount of the alimony upon appeal unless the husband is able to show that he is prejudiced in some manner by the receipt and payment of- the alimony. The motion to dismiss is denied.

. Rule 3.8, subd. b, F.A.R. (as amended):