BARKDULL, Judge
(dissenting).
I respectfully dissent from the majority opinion, and would grant the motion to dismiss under the authority of Brooks v. Brooks, Fla.1958, 100 So.2d 145.
It is my understanding that the amendment in the appellate rules, following the Brooks decision, permitting the application for alimony pending appeal in the trial court, was to give an appellant the election of filing such a motion in a more convenient court, to wit: the trial court that entered the final decree rather than an appellate court which might be a considerable distance away. See: Brackin v. Brackin, Fla.1966, 182 So.2d 1. Therefore, the permissive part of Rule 3.8, subd. b, Florida Appellate Rules, appears to me to be permissive as to which court the application will be made rather than an option with the appellant as to whether or not to make such an application.
The appellant, having failed to protect herself by appropriate court order, having accepted the benefits of the decree which she appeals, I would grant the motion to dismiss.