PEARSON, Judge.
The appellee former husband has moved to dismiss this appeal from a judgment of divorce. He asserts that the appellant wife is estopped to appeal because she has accepted the benefits of the judgment. See Carter v. Carter, Fla.App.1962, 141 So.2d 591. The wife urges that the motion is not well founded because of the holding in Brackin v. Brackin, Fla.1966, 182 So.2d 1. (See also Lyons v. Lyons, Fla.App.1967, 200 So.2d 817.)
It is undisputed that the wife has accepted a payment of $5,000 and a payment of $450, which payments the husband had been directed to make by the final judgment. The $5,000 payment is shown to be a return of a peace offering made by the wife in an attempt to forestall the divorce action. There is no controversy as to the wife’s entitlement to the $450; it was her portion of the parties’ joint savings account. The question is whether the acceptance of these sums bars the prosecution of the wife’s appeal.
In her appeal the wife contends, essentially, that the court erred (1) in granting the appellee a divorce, and (2) in determining the amount of alimony it awarded her.
In Carter the court dismissed an appeal by a former wife from a divorce decree because she had accepted all benefits under the decree and then attempted by an appeal seeking only a reversal of the divorce decree to take from the husband his only benefit, the divorce. Brackin, which discussed Carter in the foregoing manner, did not overrule Carter and apparently approved its holding. But Brackin did lay down the rule that “In the absence of other intervening or controlling equities, when the husband is not injured or prejudiced in any way by the wife receiving the money, there is no waiver or estoppel in merely the payment or receipt of the alimony pursuant to order of court.” (Emphasis added.) 182 So.2d at 6, 7.
The money received in the instant case was not alimony, but we think that the principle set forth in Brackin is applicable nevertheless. There is no showing of prejudice to the husband. It is apparent that the money received by the wife was her money, not her husband’s. We therefore hold that there has been no waiver. The motion to dismiss is denied.