ROBERTS, Justice.
This cause is before the court on petition for certiorari to review an order of the District Court of Appeal, Third District, dismissing an appeal taken by the petitioner-appellant from a final decree of divorce. See Schreiber v. Schreiber, Fla.App.1968, 208 So.2d 681. The writ issued because of an apparent conflict with the decision of this court in Brackin v. Brackin, Fla.1966, 182 So.2d 1, and other cases referred to hereafter.
Petitioner-appellant (“the wife” hereafter) was plaintiff in a divorce suit in the trial court. The decree awarded to her a divorce, custody of the two minor children of the parties, and support money of $30.00 per week for each of the two children. Also awarded to her as “lump sum alimony” were the family home, its furnishings, and an automobile. The decree expressly provided that the interest of the respondent-appellee (“the husband” hereafter) in the estate of his deceased mother, presently in probate in Indiana, “has not been considered in making the foregoing determinations with respect to support and alimony.” Jurisdiction of the question of support of the children was expressly reserved in the decree; however, no such reservation was made as to alimony.
The wife took an appeal from that portion of the decree relating to the award of support money and alimony, assigning as error only that the trial court erred in refusing to take into account, in making such awards, the husband’s interest in his deceased mother’s estate. Pending the appeal the husband delivered and the wife accepted a deed to the home, the title to the car, and support payments for the children. The husband then filed a motion to dismiss the appeal on the ground that the wife’s acceptance of the award and her failure to avail herself of the provisions of Florida Appellate Rule 3.8(b), 32 F.S.A. estopped her from contesting the decree and required the dismissal of her appeal. *303 In a per curiam order, with one judge dissenting, the motion to dismiss was granted.
Florida Appellate Rule 3.8(b) authorizes an appellant to apply to the Chancellor for an order requiring the payment of alimony or support money pending an appeal from a divorce decree in which such an award is made, and provides that the acceptance of such alimony or support money is without prejudice to the right of the appellant to challenge on appeal any of the terms or conditions of the decree. Although some confusion has existed as to the effect of non-compliance with the rule — and apparently still exists in the Third District Court of Appeal, cf. Lyons v. Lyons, Fla.App.3d 1967, 200 So.2d 817, with the order here reviewed — this court in Brackin v. Brackin, supra, 182 So.2d 1, and Blue v. Blue, Fla.1966, 183 So.2d 205, held unequivocally that the rule is permissive only, and not mandatory. In Brackin we said that
“When [the rule] is not utilized, its non-use in nowise affects the rights of anyone. Its mere non-use cannot be used as a weapon.”
And in Blue we acknowledged the confusion and, we thought, set the question at rest when we said
“We are contemplating a revision of this rule in the near future to provide that during the pendency of an appeal from an alimony award the amount awarded by the chancellor may be accepted without prejudice to the appeal. In the meantime, following Brackin v. Brackin, supra, our decision in this case will apply similarly as contemplated in the indicated rule revision.”
See also Lyons v. Lyons, Fla.App.3d 1967, 200 So.2d 817; Hines v. Hines, Fla.App.1st 1966, 184 So.2d 510; and Hartley v. Hartley, Fla.App.2d 1961, 134 So.2d 281.
Although the award in Brackin (a token amount of $600.00, payable in installments) was characterized as “go-away” money and did not appear to be alimony in any true sense, see Brackin v. Brackin, Fla.App.1966, 190 So.2d 816, 818, the decision cannot be interpreted as inapplicable to lump-sum alimony, as here contended on behalf of the husband. We held in Brackin that Rule 3.8(b) is permissive rather than mandatory; and thus the Rule is, as it must be, equally applicable to an award of alimony payable periodically, or in a lump sum, or both, as authorized by Section 61.08, Florida Statutes, F.S.A.
To summarize: On an appeal from a divorce decree in which an award of alimony or support money has been made to and accepted by the appellant, the propriety of the appeal may be questioned under ordinary principles of estoppel but may not be dismissed merely for failure to comply with Rule 3.8(b). The rule as to estoppel was stated in Brackin v. Brackin, supra, 182 So.2d at page 6, as follows:—
“In the absence of other intervening or controlling equities, when the husband is not injured or prejudiced in any way by the wife receiving the money, there is no waiver or estoppel in merely the payment or receipt of the alimony pursuant to order of court.”
In a case such as this, in which the wife had appealed only from that portion of the decree awarding alimony and support money and the husband has not questioned the propriety of the award as decreed, it is difficult to see how the husband can be injured or prejudiced by paying, and the wife’s accepting, that which he must be deemed to have admitted is fair and equitable. Moreover, in his motion to dismiss the appeal the husband did not ground his plea of estoppel on a claim of injury or prejudice on account of the wife’s accepting the award; the sole basis of his motion was the wife’s failure to avail herself of the provisions of Rule 3.8(b) before accepting alimony and child support during the pendency of the appeal. In his argument here in support of the order of dismissal, he does make some claim in this *304 respect: He hypothesizes that, if the cause should be remanded for further proceedings, and if the Chancellor decided to alter the award as originally decreed by changing the lump sum award to periodic payments, and if the wife in the meantime had placed a mortgage on the home, or if she had wrecked the car, then he could not be placed in status quo, to his injury and prejudice. Regardless of whether or not the appellate court would have been impressed by such an “iffy” argument, it is not properly made for the first time here.
Another hypothesis that occurs to us is that, if the appellate court dismisses the wife’s appeal, she will have lost her right to a review of the alimony award and may encounter difficulty in seeking a modification thereof based on the augmenting of the husband’s capital assets after his deceased mother’s estate is settled and distributed. This is so because the Third District Court of Appeal has held that Sec. 6515, Fla.Stat.1965 (now Sec. 61.14 Fla. Stat.1967, F.S.A.) does not provide for the modification of lump-sum alimony awards. See Gordon v. Gordon, Fla.App.3d 1968, 204 So.2d 734. And, as noted above, the decree in the case sub judice did not expressly reserve jurisdiction of the alimony award, even though it did so insofar as the child-support award was concerned. It may be that the Chancellor intended to limit the amount of alimony to be awarded to the wife, for all time and in all circumstances, to the home, its furnishings, and the car, as originally decreed. If this is the case— and his decree was apparently so interpreted by the wife’s attorneys, otherwise there would have been no necessity for the appeal — a review of the alimony award is vitally important to the wife. It would seem, therefore, that any hypothetical prejudice to the husband that might be conjectured from the wife’s acceptance of the alimony pending the appeal should be considered in the light of the positive and, perhaps, fatal prejudice to the wife’s position respecting the alimony award that would result from the dismissal of her appeal.
For the reasons stated, the order of dismissal should be quashed and the cause remanded to the appellate court for further proceedings.
It is so ordered.
CALDWELL, C. J., ERVIN, J., SPEC-TOR, District Court Judge, and McCORD, Circuit Judge, concur.