PER CURIAM.
These are consolidated appeals from an interlocutory order denying appellant’s request to make alimony and support available to her pending appeal and from a final judgment. The appeal from the final judgment contests the adequacy of the alimony and support provided for her and two daughters nine and twelve years old.
Considering first the interlocutory appeal, the appellant, wife, was cbncerned with her right to accept the payments provided in the final judgment without suffering an estoppel and dismissal of the main appeal. She therefore applied to the lower court under Florida Appellate Rule 3.8(b), 32 F.S.A. for relief against a dismissal and right to accept the payments. The lower court refused relief saying it had no jurisdiction. The matter has now become moot as appellee, husband, has conceded the propriety of her right to the payments without it working an estoppel. Further pending this appeal our Supreme Court in Schreiber v. Schreiber, Fla.1968, 217 So.2d 301, has reasserted its interpretation of Florida Appellate Rule 3.8(b) and reaffirmed its holdings in Brackin v. Brackin, Fla.1966, 182 So.2d 1, and Blue v. Blue, Fla.1966, 183 So.2d 205. In the Schreiber case they said:
“Florida Appellate Rule 3.8(b) authorizes an appellant to apply to the Chancellor for an order requiring the payment of alimony or support money pending an appeal from a divorce decree in which such an award is made, and provides that the acceptance of such alimony or support money is without prejudice to the right of the appellant to challenge on appeal any of the terms or conditions of the decree.”
The opinion reasserts the rule is permissive and not mandatory and failure to use it alone cannot adversely affect her rights. It would appear, however, when the wife appeals from the alimony or support provision, she should routinely *260 have the lower court approve the award under the rule in order to resolve the remote eventualities alluded to in the cited opinions.
Turning now to the main appeal we have the age old problem of how much of the husband’s income should be allotted to his ex-wife and children when a divorce separates them. The final judgment disposed of some properties between the parties, the major part of which was about one hundred sixty shares of American Telephone and Telegraph stock awarded to the wife, but there is no controversy surrounding these items. The assigned error is directed to the support award of $130 a month for each of the two children and $100 a month alimony for the wife. The husband was also ordered to take care of medical expenses for the children. She had listed this as a cost of $60 a month in her list of expenses. They had joint obligations on bank notes in the approximate amount of $4,-750 as of the time of the final hearing. The judgment provided the wife’s $100 per month alimony would be applied against these notes until they were paid off.
No authority need be cited that the propriety of the award is determined by her needs considered in the light of his ability to provide. Each of these cases is different and must be considered in the light of the minute multivariations present in the particular case. Because of this no arithmetic formula can be laid down to be applied to each case, and, as shown here, it is frequently difficult to determine the figures to which any such formula, if one existed, would be applied.
Husband was an airline pilot and had a base pay of $1,369 a month, plus a per diem of $15.60 a day for travel which was about two thirds of the time. This per diem was grossly inadequate for the actual living costs while he was traveling. Wife was listing the two daughters as dependents so when withholding, union dues, retirement, social security, etc., were deducted, husband claimed a net take home pay of $900. There was no serious effort made to contradict this.
Wife has been employed for over twenty years with the local telephone company and enjoys an executive position. Her list of expenses total $1,168. Crediting what she claims as her net take home pay of $413 she asserts a need of $755. She is somewhat meticulous in listing her expenses, including everything from her church and united fund .voluntary pledges to her hair dresser. A number of items listed as expenses would normally be pay roll deductions which should have been debited before ascertaining her net take home pay on the company records. Among others, she lists a company credit union payment of $48 a month. It is not shown whether this was a pay roll deduction as would be customary and therefore twice considered. In any event, the balance due on this obligation will be paid off before many months go by. She pays her sister $85 a month, for what is called child care.
On the record before us we have $900 in somewhat rounded figures produced by him and a similarly rounded $413 produced by her to balance the scales of justice. The judgment of the lower court presents no abuse of discretion except with respect to applying the alimony against the joint debts of the parties. This in effect takes the alimony from her for the allotted time to pay the notes. This is not to say that this could not be done when the equities require it but only it is not justified here. The decree should be and hereby is modified to eliminate therefrom the portion providing for the $100 a month alimony to be applied against the bank loans. On remand, the funds which were paid into the registry of the court should be disbursed in accordance herewith, and husband ordered henceforth to make such alimony payments directed to her, in such manner as the court shall provide.
Considering the vagueness of the predicates of the figures we must deal with, *261 it can hardly be said there was an abuse of discretion in other respects. Therefore, the decree as modified herein is affirmed.
Modified and affirmed.