[Civ. No. 18324.   Second Dist., Div. One.   Mar. 5, 1951.]

BERTHA COHEN, Appellant, v. JULIAN COHEN, Respondent.

Jones & Wiener, Norman Soibelman and Irvin G. Freeman for Appellant.

Paul Gordon for Respondent.

HANSON, J. pro tem.—The respondent herein moves to dismiss the appeal taken in this case on the ground that appellant has received partial satisfaction of an award made to her of certain community property in an interlocutory judgment of divorce which was granted to her because of respondent's extreme cruelty.

The appeal is from (1) the portion of the judgment awarding certain community property to the respondent; (2) the order of the court denying a new trial to appellant; and (3) an order *nunc pro tunc* reducing the award for attorney's fees as set forth in the judgment from $750 to $400.

The general rule that a voluntary acceptance of the benefits of a judgment is a bar to the prosecution of an appeal therefrom ''has no application where the benefits accepted are such that appellant is admittedly entitled to them or would not be affected or put in jeopardy by the appeal.'' (*Schubert* v. *Reich*, 36 Cal.2d 298 [223 P.2d 242].) The court having found that appellant was entitled to a divorce on the ground of extreme cruelty was obliged under the law of this state to award her not less than one half of the community property. (*Arnold* v. *Arnold*, 76 Cal.App.2d 877 [174 P.2d 674].) The partial record here presented, in support of the motion to dismiss, does not disclose whether the trial court did or did not award to the appellant property of a net value equal to her statutory right. As respondent has not appealed it is self-evident that our determination of the appeal cannot take away any part of the community property award that was made to appellant, and that she will be entitled to retain the specific property awarded to her whether there is an affirmance or a reversal. If there is a reversal it can only be on the ground that all or a part of the community property awarded to the husband should have been awarded to the wife.

It follows that the motion to dismiss the appeal from the judgment and from the order *nunc pro tunc* reducing the award for attorney's fees must be and it is denied, but that the appeal from the order denying a new trial must be and it is dismissed for the reason that no appeal lies from such an order.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied March 21, 1951.