No. 44,604

Michael Bruce Donaldson, *Appellant*, v. Nancy K. Donaldson, *Appellee.*

(422 P. 2d 871)

Opinion filed January 21, 1967.

*C. Bruce Works,* of Topeka, argued the cause and was on the briefs for the appellant.

*J. W. Mahoney,* of Kansas City, argued the cause, and *David W. Carson, John K. Dear, Ernest N. Yarnevich, Joseph T. Carey,* and *John H. Fields,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Kaul, J.: This appeal stems from a controversy concerning orders of the trial court at the conclusion of an uncontested divorce trial. The appellee was granted a divorce, custody of the minor child of the parties, and child support.

The only assertion of error concerns an order of the trial court which appellant says permanently restrains and enjoins him from visitation of the minor child.

A procedural point is raised by appellee but the state of the record is such that a clear-cut issue is not presented, therefore we shall proceed to the merits of the appeal.

The question here for determination, as presented by appellant, is whether or not the trial court has the power to completely deny appellant's rights of visitation.

The appellant claims that the trial court was without authority to restrain him from visiting the minor child after the divorce. He argues that authority to enjoin or restrain a party, as was done here, is limited only to the period between the filing of the petition and the granting of the decree. In this connection the journal entry of divorce reads as follows:

". . . That the defendant be permanently restrained and enjoined from in any manner, either by actions or words, interferring with or molesting the

plaintiff and her family in the peaceable possession of her home and he is hereby restrained and enjoined from bothering or hindering her or her family in any way in any other place she may be, and from causing or inflicting upon her or her family any bodily harm or injury, until further order of the Court herein."

Notwithstanding the wording of the journal entry appellee claims that the order of the trial court does not amount to an absolute and permanent injunction of appellant's rights of visitation. In this connection appellee calls our attention to an excerpt from the proceedings at the conclusion of the trial which reflects the following:

"MR. WORKS: If the Court please, is there going to be any reasonable right of visitation as far as the father and the child are concerned?

"THE COURT: Well, do you have any objection to reasonable visitation?

"MR. LITTLE: Yes, we do. As a matter of fact, Your Honor, we would like to have at this time the restraining order entered. If the defendant would like at some date in the future to bring the question before the court, we would have no objection to a hearing on the question, but at this time we feel that we would like to have that restraining order.

"MR. WORKS: Well, if the Court please, if this man is going to make payments as child support to the plaintiff, I think he is entitled to a reasonable right of visitation, I don't mean just run over every day and see the child, but make arrangements in advance, several days in advance. He is the father of the child and certainly entitled to some visitation.

"THE COURT: The court recognizes the fact that the defendant is entitled to some visitation. There have been some things happen in this case, I don't know whether counsel is advised of or not, the court has been advised of it, and I feel that perhaps the restraining order should be continued in effect, and in a short time if the defendant desires visitation, this is a small child now anyway, the winter months coming up, it is not a very good time to visit with the child, that you bring him before the court, work out some kind of an arrangement for visitation. The court doesn't want to see the child—

"MR. WORKS: (Interrupting) May we discuss it further in chambers?

"THE COURT: Yes, you may discuss it with the other attorney."

Appellee claims that the order of the court should not be construed, as appellant reads it, as a permanent restraint upon appellant's rights of visitation. Regardless of what interpretation is put upon the language of the journal entry or the statement of the court, the jurisdiction of the court to change any order pertaining to the child or to make a new order is beyond question and such jurisdiction continues during the minority of the child. K. S. A. 60-1610 (a) provides in pertinent part as follows:

"*Care of minor children.* The court shall make provisions for the custody, support and education of the minor children, and may modify or change any order in connection therewith at any time, and shall always have jurisdiction to make any such order to advance the welfare of a minor child. . . ."

The broad authorization given to the court by the statute to make any order to advance the welfare of a minor child certainly entails, within discretion, the authority to limit or deny visitation privileges where the child's welfare is concerned.

Under such circumstances as existed here the paramount consideration is the welfare and best interests of the child and the trial court is in the best position to judge whether the best interests of the child are being served. (*Bergen v. Bergen,* 195 Kan. 103, 403 P. 2d 125; *Lyerla v. Lyerla,* 195 Kan. 259, 403 P. 2d 989, and *Gardner v. Gardner,* 192 Kan. 529, 389 P. 2d 746.)

Courts of most jurisdictions are ordinarily reluctant to deny all visitation rights but authorities are generally in agreement that such rights may be denied if the child's welfare would be jeopardized thereby. The right of visitation is not an absolute one and must yield to the good of the child. A comprehensive collection of cases dealing with the subject is to be found in an annotation in 88 A. L. R. 2d commencing at page 148.

The view point of this court was stated in *Krueger v. Krueger,* 174 Kan. 249, 255 P. 2d 621. There we said:

"Appellant complains of the provision pertaining to visitation of the child. We need not labor the point. In view of the tender age of the child and the unpleasant and quarrelsome relations which continued to exist between the parties during previous visits appellant's complaint cannot be sustained. Nor was this order presented to the trial court for correction in any respect. The trial court retains jurisdiction of this subject and may alter its order as future facts require in fairness to the parents and the best interests of the child." (p. 252.)

The record in the instant case does not reflect what facts came to the attention of the trial court that caused the unusual order of restraint on appellant. The remarks of the court, quoted above, indicate, however, that the court was aware of happenings in the case which the court felt justified a restraint on visitation for the time being. The court recognized that appellant was entitled to some visitation but due to the tender age of the child (10 months) and as the court remarked "the winter months coming up, it is not a very good time to visit with the child," the restraint on visitation was included in the decree. The court indicated that if appellant appeared later some kind of an arrangement for visitation would be worked out.

The record does not show that appellant has sought any further hearing from the trial judge.

We find no abuse of discretion by the trial court under the facts and circumstances as shown by the record before us.

The judgment is affirmed.