No. 47,701

PATRICIA ANNE NORTH, *Appellee*, v. KENNETH E. NORTH, *Appellant*.

(535 P. 2d 914)

Opinion filed May 10, 1975.

*Kenneth E. North*, of Shawnee Mission, argued the cause and was on the brief for the appellant, *pro se*.

*John H. Johntz, Jr.*, of Payne & Jones, Chartered, of Olathe, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal by the defendant husband from a decree of divorce granted to the plaintiff wife on the statutory ground of incompatibility. (K. S. A. 1974 Supp. 60-1601 [8].) Defendant raises seven points on appeal which question the sufficiency of the evidence and attack the validity and constitutionality of the incompatibility statute.

Patricia Anne North and Kenneth Edmund North were married on June 22, 1968. At the time of the granting of the divorce Patricia was twenty-six years old and Kenneth was twenty-seven years old. The parties had one female child by their marriage.

After more than five years of marriage Patricia filed a petition for divorce, requesting custody of the child, support, and an equitable property division. Shortly thereafter, Kenneth moved the trial court for an order requiring the parties to seek marriage counseling pursuant to K. S. A. 1972 Supp. 60-1608 (now K. S. A. 1974 Supp. 60-1608). A hearing was held and after presentation of evidence the motion for marriage counseling was denied by the court. At

the trial Patricia offered the testimony of six witnesses, in addition to her own statement, plus the testimony of a behavioral scientist. She also submitted various letters written to her by Kenneth both before and after the filing of the petition for divorce. Kenneth presented no evidence other than his own testimony.

After hearing the evidence the trial court issued a decree of divorce based upon the finding that the parties did not have common goals and interests in life, and that they argued and quarreled. The court concluded as a matter of law that the parties were incompatible.

Incompatibility as a ground for divorce was authorized by the 1971 Kansas legislature. Since the time of its enactment we have had two cases before this court contesting a decree of divorce granted solely for incompatibility. (See *Berry v. Berry*, 215 Kan. 47, 523 P. 2d 342; and *LaRue v. LaRue*, 216 Kan. 242, 531 P. 2d 84.) Despite the infancy of this provision, certain guiding principles have developed. In *Berry*, we said incompatibility may be broadly defined as such a deep and irreconcilable conflict in the personalities or temperaments of the parties as makes it impossible for them to continue a normal marital relationship. The conflict of personalities and dispositions must be so deep as to be irreconcilable and irremediable. Petty quarrels and minor bickerings are clearly not sufficient to meet this standard. The legislature, in supplying the additional ground of incompatibility, must have intended to liberalize our divorce laws by broadening the bases upon which divorces may be granted. This does not mean a divorce should be granted perfunctorily or merely upon a party's charge of incompatibility without real proof of the fact. It is the duty of the trial court to weigh the testimony before it, and our function on review is limited to an examination of the record to ascertain whether the findings of the trial court are supported by substantial, competent evidence.

In *LaRue*, we reasserted our approval of the foregoing definitions of incompatibility, and further stated it was difficult to imagine a situation in which a husband's temperament could be compatible with that of his wife if her temperament was incompatible with his.

The first point raised by defendant questions the sufficiency of the evidence to establish incompatibility in their marital relationship. The following is a summary of evidence before the trial court:

Plaintiff testified that she was not desirous of marriage counsel-

ing as she felt it would not be effective or contribute to their roles as parents; that their marriage had been a disaster from the beginning; that she had often asked her husband to go to a marriage counselor but he continually refused; that she no longer had any respect for his sincerity on any level; and that she no longer loved him and did not want to continue with the marriage. There was additional testimony to the effect that the parties had an unsuccessful sexual relationship for as long as they were married. Plaintiff felt her husband was financially irresponsible as he had never paid income taxes and as a result her wages were garnished by the federal government.

Defendant testified his wife had become less interested in his work and she was developing interests of her own in film work and ballet. He further stated that both he and his wife had a very conventional moral outlook at the time they were married, but she had changed in that regard. When questioned by his attorney, he said, "We originally had common goals and I noticed that our common goals were becoming individual goals where she had a career of her own and I had a career of my own. . . ." The parties would frequently go for three or four nights in a row with only limited conversation between them.

In addition to the testimony of the parties, plaintiff offered testimony of several witnesses supporting the charge that her husband had been seeing other women.

A clinical psychologist who counseled with plaintiff testified she was suffering from an acute anxiety reaction of a situational type and her emotional makeup had been deteriorating as a result of her relationship with her husband. In his opinion, reconciliation would be futile and would only intensify her emotional deterioration.

In applying the definitions of incompatibility as set forth in *Berry*, to the facts of this case, we are satisfied the trial court acted well within its discretion in granting the divorce for incompatibility. The evidence illustrates a pattern of marital difficulties dating from the beginning of the marriage. There is testimony from plaintiff, as well as a clinical psychologist, as to the futility of any attempt at reconciliation. The parties have testified to the changes in themselves since their marriage which appear to have led to divergent goals and interests. Defendant's conduct throughout the proceedings, as well as numerous statements made by him at trial, further indicate the irreconcilable differences that existed between the

parties. Based on the evidence presented, we agree with the conclusion of the trial court that the parties were incompatible.

The balance of defendant's arguments focus upon the constitutionality and validity of the incompatibility statute. The premise on which each of these challenges is made is that the trial court granted what is referred to as a "unilateral divorce." Unilateral divorce, as it relates to incompatibility, denotes a divorce granted when only one of the parties is incompatible. (See Schulman, Incompatibility: A "New" Approach to the Dissolution of Marriage, 20 Kan. L. Rev. 227.) This premise is contrary to the evidence and the specific findings of the trial court. The court stated that the parties did not have common interests or goals and they argued and quarreled. There was evidence from both parties as to their differing personalities and constant conflicts. Such evidence was not restricted solely to charges by plaintiff. Defendant himself testified as to their arguments and divergent interests. The only reasonable conclusion we can reach is that each party is incompatible with the other. This finding negates defendant's claim that there was a unilateral divorce. Defendant's contentions cannot be sustained since premise on which they are based is untrue. We do not imply that if the premise were true we would find merit in defendant's position. We are merely saying the issues raised by defendant need not be resolved in this action.

All points raised by defendant have been considered and found to be without merit, and the judgment is affirmed.

FROMME, J., not participating.