No. 47,842

W. LOWELL GORDON, *Appellee and Cross-Appellant*, v. DONNA JEAN GORDON, *Appellant*.

(545 P. 2d 328)

Opinion filed January 24, 1976.

*Robert F. Duncan*, of Duncan, Senecal and Bednar, Chartered, of Atchison, argued the cause, and was on the brief for the appellant.

*John Q. Royce*, of Hampton, Royce, Engleman and Nelson, of Salina, argued the cause, and was on the brief for the appellee and cross-appellant.

The opinion of the court was delivered by

PRAGER, J.: This is an action for divorce. The case was hotly contested. At the conclusion of the trial a divorce was granted on the grounds of incompatibiliy. The agreement of the parties for the division of their property was approved by the court as fair and equitable. The court also awarded permanent alimony to the defendant-appellant, Donna Jean Gordon. Mrs. Gordon has appealed to this court claiming that the evidence presented at the

trial was insufficient to establish a state of incompatibility between the parties and further that the trial court abused its discretion in its award of alimony. The plaintiff-appellee, W. Lowell Gordon, has cross-appealed contending that the district court erred in refusing to sustain the plaintiff's motion to dismiss the appeal on the ground that the defendant by accepting alimony payments had acquiesced in the judgment and was precluded from obtaining appellate review.

The defendant first contends that the evidence discloses only minor bickerings and petty quarrels which do not amount to incompatibility and furthermore that if incompatibility existed at all, it was strictly unilateral. In three recent cases this court fully considered the nature of incompatibility. (*Berry v. Berry*, 215 Kan. 47, 523 P. 2d 342; *LaRue v. LaRue*, 216 Kan. 242, 531 P. 2d 84; and *North v. North*, 217 Kan. 213, 535 P. 2d 914.) In *Berry* we stated that incompatibility, as a ground for divorce, may be broadly defined as such a deep and irreconcilable conflict in the personalities or temperaments of the parties as makes it impossible for them to continue a normal marital relationship. Where incompatibility exists as a result of the misconduct of the complaining spouse, the trial court is vested with broad discretion in weighing the possibilities of reconciliation and restoration of a normal marital status in granting a divorce. In applying the definition of incompatibility as set forth in *Berry* and as approved in *LaRue* and *North,* we are satisfied the trial court acted within its discretion in granting the divorce on the grounds of incompatibility. We see no reason to spread for public view the parties' marital difficulties as shown by the evidence at the trial. The record shows that strife and serious disagreements between the parties existed for a period of over eight years prior to the trial of the action. There was evidence presented that the parties fought and disagreed about everything. Approximately seven years before the divorce was filed the defendant left her husband to see "if things would work out." They consulted a marriage counselor and attempted to continue the marriage. Plaintiff testified that although they lived under the same roof they were not maintaining a satisfactory marital relationship. He further testified that in his opinion there was no possibility of his living amicably and peaceably with the defendant in a proper marital relationship or that they could ever become reconciled so as to live together again as husband and wife. This testimony was never denied by the defendant. We have concluded that there is evidence

to support the trial court's finding that the parties were incompatible.

The defendant's second point is that the district court abused its discretion in its award of alimony by failing to take into account the impact of income taxes. In *Stayton v. Stayton,* 211 Kan. 560, 506 P. 2d 1172, this court held that the district court is vested with wide discretion in adjusting the financial obligations of the parties in a divorce action and its exercise of that discretion will not be disturbed on appeal in the absence of a showing of clear abuse. After careful consideration of all the facts and circumstances as disclosed in the record and taking into consideration the agreed property settlement of the parties, their financial situations, and their needs, we are unable to say that the trial court abused its discretion in its award of alimony to the defendant wife in this case. It is undisputed that Mr. Gordon earned approximately $32,000 per year from his employment. The court in its alimony judgment awarded defendant $10,600 per year to be reduced at the end of two years to $9,600 per year. The court stated that it took into consideration the fact that Mrs. Gordon had received by way of property division approximately $50,000 in sound assets, much of which was in cash. Such property afforded her an interest income over and above the alimony to be received from the plaintiff. There was also evidence that during the year just prior to the granting of the divorce Mrs. Gordon had been able to live without difficulty on $750 per month, out of which she had purchased shares of corporate stocks and paid for a trip to Europe. The impact of income taxes was only one factor among others for the court to consider in determining an alimony award. We cannot say that the trial court acted beyond the bounds of reason and abused its discretion in its award of alimony to the defendant in this case.

Additional questions have been raised by the plaintiff-appellee which should be considered and determined. The record shows that following the district court's announcement of its decision on February 14, 1974, the plaintiff complied with the court's judgment awarding alimony by paying to the defendant periodic alimony payments which were accepted by the defendant. On April 9, 1974, the defendant filed her notice of appeal to the supreme court. On August 8, 1974, the plaintiff filed in the district court a motion to dismiss the defendant's appeal on the ground that the defendant by accepting alimony payments under the court decree had acquiesced in the court's judgment and was therefore precluded from

obtaining appellate review. This motion was heard by the district court on September 12, 1974, at which time it was stipulated that alimony payments had been made and accepted. The district court found that a notice of appeal having been filed in the supreme court, the district court had no jurisdiction to entertain the motion to dismiss or to grant the relief sought therein and therefore overruled the motion to dismiss. On September 17, 1974, the plaintiff filed his notice of cross-appeal to the supreme court from the order of the district court made on September 12 overruling his motion to dismiss the appeal. Following the docketing of the appeal in the supreme court and concurrently with the filing of his brief, plaintiff-appellee filed in the supreme court his motion to dismiss the appeal on the basis that the defendant by accepting alimony payments as ordered by the court had acquiesced in the judgment of the district court and was precluded from obtaining appellate review.

The cross-appeal and the motion to dismiss filed in this court raise two questions for determination: First, whether following the filing of a notice of appeal in district court, the district court has jurisdiction to entertain a motion to dismiss the appeal on the ground that the appellant has acquiesced in the judgment and, second, whether the acceptance of periodic payments under an alimony decree in a divorce case constitutes such an acquiescence in the judgment as to preclude the right of the wife to appellate review. We will consider each of these questions separately. The question raised on the cross-appeal involves the jurisdiction of the district court to entertain a motion to dismiss an appeal then pending at a time when the appeal has not yet been docketed in the supreme court. The issue presented is controlled by Rule No. 6 (214 Kan. xxii) relating to appellate practice in the supreme court. Under K. S. A. 60-2103 and Supreme Court Rule No. 6 ($n$) if an appeal is pending and the record on appeal has not been filed with the supreme court, the parties, with the approval of the district court, may dismiss the appeal by stipulation filed in the district court, or that court may dismiss the appeal upon motion and notice by the appellant. Under Rule No. 6 ($p$) the district court has jurisdiction to extend the time to complete steps necessary for the taking of an appeal or to declare the appeal abandoned where the appellant fails to take necessary steps. Other motions for dismissal fall within the provisions of Rule No. 6 ($j$) which provides as follows:

"(*j*) *Record for Intermediate Hearing in Supreme Court.* If, prior to the time the complete record on appeal is settled and filed as herein provided, a party desires to docket the appeal in order to make in the Supreme Court *a motion for dismissal,* for a stay pending appeal, for additional security on the supersedeas bond, or for any intermediate order, the clerk of the district court at his request shall certify and transmit to the Supreme Court a copy of such portion of the record or proceedings below as is needed for that purpose." (214 Kan. xxiv, xxv.)    (Emphasis supplied.)

Rule No. 6 (*j*) contemplates the filing of a motion for dismissal on the ground of acquiescence in the judgment in the supreme court. The proper procedure in the case before us was for the plaintiff-appellee to file his motion to dismiss in the supreme court. If no issues of fact exist requiring determination, the supreme court may rule on the motion to dismiss as a question of law. If issues of fact are raised by the motion, the supreme court in its discretion may remand the case to the district court with directions to make findings of fact. Under the factual circumstances shown in the present case we hold that the district court did not err in determining that it had no jurisdiction to entertain a motion to dismiss the appeal based on the ground that the appellant had acquiesced in the judgment.

The issue of acquiescence was properly raised, however, by the plaintiff's filing a motion to dismiss in the supreme court and it should be determined. The general rule repeatedly recognized in this state is that anything that savors of acquiescence in a judgment by a party to the lawsuit cuts off the right to appellate review. (*Seaman Dist. Teachers' Ass'n v. Board of Education,* 217 Kan. 233, 535 P. 2d 889.) The general rule that a party who voluntarily accepts a benefit under a judgment or decree thereby waives his right to have it reviewed has been applied in divorce cases under certain circumstances. However, because of the peculiarity of the problems customarily presented in divorce cases, exceptions have been applied by the courts in many cases involving the right to appellate review of a wife who has accepted payments under the alimony, property settlement, or child support provisions of a divorce judgment or decree. Cases which discuss these exceptions to the general rule are set forth in a comprehensive annotation on the subject in 29 A. L. R. 3d 1184. These exceptions, although phrased in varying language depending upon the particular angle in which they are presented, essentially revolve around the severability of the provision of the judgment under which the benefits have been accepted or the consistency with which the beneficiary

may attack the judgment on appeal. Some of the courts take the position that a wife who accepts alimony payments under a divorce judgment is not barred by the general rule where the benefits accepted are such that appellant is admittedly entitled to them or would not be affected or put in jeopardy by the appeal. (*Cohen v. Cohen,* [1951] 102 Cal. App. 2d 624, 228 P. 2d 54.) In *Knebel v. Knebel,* (1945, Mo. App.) 189 S. W. 2d 464, involving an appeal by a spouse who had accepted payments under the alimony provisions of a divorce decree, it was held that acceptance of payment, after judgment, of an item which was not in dispute will not thereby preclude the party from appealing as to the items about which there is a controversy, for in such an instance the two positions are not inconsistent. In *Lewis v. Lewis,* 219 Md. 313, 149 A. 2d 403, where an appeal was taken by the wife on the theory that a greater amount of alimony should have been allowed, the court held on a motion to dismiss her appeal that she was not barred from taking the appeal. The court stated that if applicable at all in a divorce case, the bar cannot be raised where the benefits accruing to the wife by reason of the award provide necessary support for her until the final adjudication of the case. The Florida decisions take the position that acceptance of periodic alimony payments by a wife does not preclude her right of appeal, unless the husband is able to show that he is prejudiced by such acceptance. (*Brackin v. Brackin,* [1966 Fla.] 182 So. 2d 1.)

On this question we have concluded that the general rule pertaining to acquiescence in judgments should not be strictly applied in divorce cases because of the peculiar situations of the parties and the equitable considerations involved. As pointed out by the Supreme Court of Florida in *Brackin* the basis of a decree awarding alimony or support money, in the absence of an agreement between the parties, is an obligation imposed by law requiring the husband to do what in equity and good conscience he ought to do under the circumstances. Unlike judgments and decrees for money or property growing out of other actions, alimony and support money may have no foundation other than the public policy which requires the husband to pay what he ought to pay, and the wife's right to receive is not to be treated as waived except when the circumstances clearly require such a conclusion. In the absence of other intervening or controlling equities, when the husband is not injured or prejudiced in any way by the wife receiving the money, there

is no waiver or estoppel or acquiescence by the mere payment or receipt of the alimony pursuant to order of the court. While a divorce case is pending on appeal the duty to support arising from the marital relationship is still in effect. The wife should not be placed in a position where as a matter of law she is precluded from taking an appeal from a judgment of the district court in a divorce case if she accepts money which has been ordered for her support. Likewise the husband should not be precluded from appealing what he believes to be an excessive alimony judgment because he complies with the judgment under a threat of contempt if he fails to do so. Under these circumstances it cannot reasonably be said that a wife is voluntarily acquiescing in a judgment by accepting needed alimony payments which she contends are grossly inadequate; nor is it reasonable to say that a husband is voluntarily acquiescing in a judgment where he pays alimony payments under the threat of confinement in jail if he fails to do so.

There may be circumstances where the evidentiary record clearly shows that the wife has in fact voluntarily acquiesced in a judgment. For example, the husband and wife may voluntarily agree as to a division of property and for the payment of alimony. When that agreement is approved by the court and becomes a part of the decree, the wife should be precluded from taking an appeal since it was her agreement with her husband which brought about the judgment entered by the court. Likewise where a judgment is entered awarding specific personal property to the wife by way of alimony, the court might conclude from the evidence presented in the particular case that she has voluntarily waived her right to appeal from the judgment by her voluntary acceptance of the property awarded. (*Moffett v. Moffett,* 142 Kan. 9, 45 P. 2d 579; *Morton v. Morton,* 149 Kan. 77, 86 P. 2d 486; *Elliott v. Elliott,* 154 Kan. 145, 114 P. 2d 823; *Peters v. Peters,* 175 Kan. 422, 263 P. 2d 1019.)

We conclude that a wife's appeal for a greater alimony allowance is not barred by the fact that she has accepted periodic payments ordered by the district court unless it clearly appears that by accepting such payments she intended to acquiesce in the alimony judgment or unless the husband can show that he is prejudiced by such acceptance. The record in this case discloses that the husband has not taken a cross-appeal from the award of alimony entered by the trial court. The only issue involving alimony on this appeal is whether or not a larger amount should have been

decreed by the district court. The wife would be entitled to the alimony a;warded by the district court in any event. Furthermore the husband here made. no showing that he would be prejudiced by the taking of an appeal. Under all the circumstances we are compelled to the conclusion that the defendant-appellant in this case by accepting the payments of alimony awarded to her by the district court did not voluntarily acquiesce in the judgment of the district court so as to preclude her from appellate review of the alimony judgment.

The judgment of the district court is affirmed.