(563 P.2d 492)

No. 48,200

ANNA LEE LILLIS, *Appellee*, v. JAMES F. LILLIS, *Appellant.*

Opinion filed April 8, 1977.

*Marion W. Chipman*, of Olathe, and *Terence M. O'Brien*, of Kansas City, Missouri, for appellant.

*Thad E. Nugent*, of Overland Park, for appellee.

Before HARMAN, C.J., REES and SPENCER, JJ.

REES, J.: This is an appeal by defendant husband from a divorce decree entered upon a finding of incompatibility.

The parties were married in 1955. They are the parents of eight children, seven of whom were minors at the time of trial. The family residence was in Kansas City, Missouri. The wife left the family home in July, 1974, when she moved to the home of a friend, also in Kansas City. The husband and the children at all times have continued to reside in the family home. On August 8, 1974, the wife commenced a divorce action in Missouri under Mo. Ann. Stat. Sec. 452.305 (Vernon), which provides for the dissolution of marriage where "the marriage is irretrievably broken." The wife moved to and established residence in Johnson County in October, 1974. The Missouri action was tried on January 7, 1975. Dissolution of the marriage was denied and the action was dismissed. The court order recited neither that the dismissal was with prejudice nor that it was without prejudice. A motion for new trial filed by the wife was overruled by the court on February 5, 1975.

On February 18, 1975, the wife commenced this action in Johnson County. Her petition and amended petition rely upon incompatibility as the ground for divorce. Service of process upon the husband in Missouri was made by mail under K.S.A.

60-307. The husband entered his appearance and filed a request for bill of particulars and an answer. Trial on July 1, 1975, resulted in a divorce decree, but no other relief was then granted. The husband did not counterclaim for divorce in either action. He denied in the Missouri action that the marriage was irretrievably broken and in this action he denied that the parties were incompatible. The husband's answer in this action contains denials of both subject matter jurisdiction and personal jurisdiction. These defenses were reasserted by the husband at every stage of the proceedings. He personally appeared and testified at trial. After filing the notice of this appeal and upon motion of the wife, the trial court entered orders directing the husband to make the parties' children available for visitation with the wife at specified times in Missouri and requiring the husband to pay $2,000 to plaintiff for her expenses for the defense of this appeal.

A recital of the partially conflicting testimony of the parties concerning their differences would serve no useful purpose. It is sufficient to say that the wife's position at both trials was that the husband's religious convictions and practices were disruptive of the marital relationship.

The wife having been a Kansas resident for the requisite time and prescribed service of process having been made, there was compliance with K.S.A. 60-1603(a) and K.S.A. 60-307. The trial court had jurisdiction which the parties, the trial court, and we will describe as *in rem* jurisdiction. However, the trial court held that it also had personal jurisdiction of the husband. It stated that:

". . . any technical objections which the defendant has had to the exercise by the Court of in personam jurisdiction over him have been waived by conduct inconsistent with his position, specifically that conduct is the request for a bill of particulars, the filing of an answer and the personal presence in the courtroom at the trial of the matter and upon prior hearings."

The trial court erred in its ruling that it had personal jurisdiction of the husband. The husband did not waive this defense by his appearances. (*Haley v. Hershberger*, 207 Kan. 459, 485 P. 2d 1321.)

Absent personal jurisdiction, service upon the husband under K.S.A. 60-307 conferred upon the court jurisdiction limited to the power to render judgment affecting the status of the parties within the court's jurisdiction. K.S.A. 60-307(b). In this action, that status of the parties is their marital status. This *in rem* jurisdiction is the extent of jurisdiction in this action.

By her amended petition the wife asked that:

". . . the Court grant to her a decree of divorce from the defendant on the grounds of incompatibility, custody of the minor children, both temporary and permanent, child support and alimony, both temporary and permanent, and equitable division of the property, attorneys' fees, costs of this action, and such other relief as to the Court may seem just."

In line with what we have held, the court was without jurisdiction to afford any relief beyond the granting of a decree of divorce.

The trial court's order directing the husband to make the parties' children available for visitation with the wife was beyond its jurisdiction for an additional reason. In *Donaldson v. Donaldson*, 198 Kan. 111, 422 P. 2d 871, after setting forth the pertinent language of K.S.A. 60-1610(*a*), it is stated:

"The broad authorization given to the court by the statute to make any order to advance the welfare of a minor child certainly entails, within discretion, the authority to limit or deny visitation privileges where the child's welfare is concerned." (p. 113)

The foregoing holding implicitly determines that the power to order and provide for visitation arises out of the authorization to make orders to advance the welfare of minor children given by K.S.A. 60-1610(*a*). Thus, jurisdiction to grant to and withhold from a non-custodial parent visitation rights as to his or her minor children is bottomed upon jurisdiction to provide for custody, support and education under K.S.A. 60-1610(*a*). The trial court did not have jurisdiction to provide for the custody, support and education of the minor children for the reason that they were neither physically present in Johnson County nor domiciled in Kansas, and they had not been the subject of previous exercise by the court of its jurisdiction to determine their custody or care when domiciled in Kansas.

The trial court's order directing the husband to pay $2,000 to the wife for her appeal expenses likewise was beyond its jurisdiction. That order is a personal judgment against the husband that is not to be satisfied by distribution of property, a *res*, situated in Kansas and subject to the court's jurisdiction. The order is not within the *in rem* jurisdiction existent in this action.

The husband asserts that the order entered by the Missouri court in the prior action was an adjudication on the merits as to all

factual matters existing prior to February 5, 1975. The wife argues that the Missouri action was disposed of by dismissal and did not result in an adjudication upon the merits.

It is clear from an examination of the Missouri journal entry that if it does not clearly recite an adjudication on the merits, the order of that court at least is one of involuntary dismissal. An involuntary dismissal that is not stated to be without prejudice and that is other than for lack of jurisdiction or improper venue operates as an adjudication upon the merits under Missouri law. [Mo. Ann. Stat. Sec. 510.150 (Vernon).] It is also the law of Missouri that when a motion for new trial is filed, the judgment becomes final at the time of disposition of the motion. [Mo. Ann. Stat. Sec. 510.340 (Vernon).] Thus, the Missouri action resulted in an adjudication upon the merits effective February 5, 1975.

The principal remaining issue is the sufficiency of evidence to support the trial court's divorce decree. The husband's continued argument is that the wife's cause of action is barred by *res judicata.* His contention is that the Missouri judgment is entitled to full faith and credit and that it, being an adjudication on the merits, denies the wife the ability to rely upon any facts existing prior to February 5, 1975, to prove incompatibility. He argues that the parties had no contact between February 5 and February 18, 1975, the date of commencement of this action, and therefore no factual basis exists for the trial court finding of incompatibility. The premise of the husband's argument is that the statutory grounds alleged by the wife in her two actions are at least substantially identical.

In arriving at our decision, we afford the Missouri judgment full faith and credit for the purpose of applying the doctrine of *res judicata,* and we will assume for the sake of argument that there is no distinction between an irretrievably broken marriage under the Missouri statute and incompatibility under our statute.

We note two matters with regard to the case before us. First, K.S.A. 60-1601 prescribes the eight grounds upon which divorces may be granted. Each of the first five grounds (abandonment, adultery, extreme cruelty, habitual drunkenness, and gross neglect of duty) is particular overt conduct. The sixth ground (felony conviction and imprisonment) is the result of overt conduct. The seventh ground (mental illness or mental incapacity) is a special matter. In contrast, incompatibility, the eighth ground,

is not overt conduct. Instead, and as will be shown, incompatibility involves the personalities or temperaments of the parties. Secondly, application of *res judicata* as sought by the husband does not preclude the wife's ability to rely upon ʿacts and circumstances existing after February 5, 1975.

It appears that incompatibility has been the subject of five decisions of our Supreme Court. *Berry v. Berry,* 215 Kan. 47, 523 P. 2d 342; *LaRue v. LaRue,* 216 Kan. 242, 531 P. 2d 84; *North v. North,* 217 Kan. 213, 535 P. 2d 914; *Gordon v. Gordon,* 218 Kan. 686, 545 P. 2d 328; *Williams v. Williams,* 219 Kan. 303, 548 P. 2d 794. The *Berry* definition of incompatibility was followed in the other four cases. In *North* it is stated:

"Incompatibility as a ground for divorce was authorized by the 1971 Kansas legislature. Since the time of its enactment we have had two cases before this court contesting a decree of divorce granted solely for incompatibility. (See *Berry v. Berry,* 215 Kan. 47, 523 P. 2d 342; and *LaRue v. LaRue,* 216 Kan. 242, 531 P. 2d 84.) Despite the infancy of this provision, certain guiding principles have developed. In *Berry,* we said incompatibility may be broadly defined as such a deep and irreconcilable conflict in the personalities or temperaments of the parties as makes it impossible for them to continue a normal marital relationship. The conflict of personalities and dispositions must be so deep as to be irreconcilable and irremediable. Petty quarrels and minor bickerings are clearly not sufficient to meet this standard. The legislature, in supplying the additional ground of incompatibility, must have intended to liberalize our divorce laws by broadening the bases upon which divorces may be granted. This does not mean a divorce should be granted perfunctorily or merely upon a party's charge of incompatibility without real proof of the fact. It is the duty of the trial court to weigh the testimony before it, and our function on review is limited to an examination of the record to ascertain whether the findings of the trial court are supported by substantial, competent evidence.

"In *LaRue,* we reasserted our approval of the foregoing definitions of incompatibility, and further stated it was difficult to imagine a situation in which a husband's temperament could be compatible with that of his wife if her temperament was incompatible with his." (p. 214)

The wife's evidence at trial consisted of the testimony of a psychiatrist, the wife and the husband. The husband's only evidence was two exhibits. One was copies of the pleadings and journal entry in the Missouri action, and the other was a partial transcript of the Missouri trial proceedings.

The psychiatrist testified that he had consulted with, tested and treated the wife. He had seen her on six occasions in October and November, 1974, and twice in 1975, once in February or March, and once three or four weeks before trial. The husband objected

to any testimony of the psychiatrist "pertaining to any of the matters that were or could have been litigated" in the Missouri action. There was no objection made to testimony concerning the time subsequent to February 5, 1975.

It is not possible to segregate the husband's testimony as to facts and circumstances existing prior to February 5, 1975, between February 5 and February 18, 1975, between February 18, 1975 and trial, and as of the date of trial. It is clear that part of his testimony dealt with all of these times and part dealt with some of them. Other parts simply can be afforded no time frame. No objection was made to any of his testimony. In at least partial conflict with his argument that the parties had no contact between February 5 and February 18, 1975, the husband testified:

"During the course of our marriage, specifically the period of time from the 5th of February to the present, I have had some contact with Mrs. Lillis, the contacts were in our home, in my mother's home, and hospitals."

The wife's testimony on direct examination was limited to the period from February 5, 1975, to and including the date of trial. There was no objection by the husband. On cross, redirect and recross examination, she testified concerning matters pre-dating February 5, 1975.

There having been no objection made to testimony regarding the period from the date of commencement of this action to and including the date of trial and having reviewed the record in detail, we can arrive at no conclusion other than as stated in *Berry:*

". . . The trial court had both parties before it and heard their stories. It could have required them to seek marriage counseling service available within the locale (K.S.A. 1973 Supp. 60-1608) but did not. It seemed satisfied the parties could no longer live together. . . ." (215 Kan. at 51.)

Upon review of the evidence concerning facts and circumstances existing after February 5, 1975, we hold that there was substantial competent evidence to support the trial court's finding of incompatibility.

We have considered the husband's contention that the trial court erred in overruling his objection to the sufficiency of the wife's bill of particulars and hold that the husband has failed to show prejudicial error.

The order of the trial court granting a decree of divorce to the wife is affirmed. The orders of the trial court directing the

husband to make the parties' children available for visitation with the wife and requiring the husband to pay to the wife $2,000 for her expenses for the defense of this appeal are vacated and set aside.