In re the MARRIAGE OF Robert F. BURFORD, Petitioner–Appellee,

and

Anne M. Burford, Respondent–Appellant,

and

In the Matter of the ESTATE OF Robert F. BURFORD, Deceased,

Anne M. BURFORD, Claimant-Appellant,

v.

The ESTATE OF Robert F. BURFORD, Deceased, R. Kelley Burford, Personal Representative, Appellee.

Nos. 93CA1798, 93CA2070.

Colorado Court of Appeals, Div. II.

Dec. 11, 1997.

Dufford, Waldeck, Milburn & Krohn, William H.T. Frey, Stephan B. Schweissing, Grand Junction, for Petitioner–Appellee.

Anne M. Burford, Pro Se.

Lipstein & Mortimer, P.C., Charles E. Mortimer, Jr., Lakewood, for Appellee Robert F. Burford, Deceased, by Kelley Burford as Personal Representative.

Opinion by Judge CRISWELL.

In this consolidated appeal, Anne M. Burford (wife) appeals from a decree of dissolution and ancillary orders entered by the dissolution court and from the probate court's order denying her claim, as the surviving spouse, against the estate of her deceased husband, Robert F. Burford (husband). We affirm the order of the probate court and affirm in part and reverse in part the property division orders of the dissolution court.

In a prior opinion, *In re Estate of Burford*, (Colo.App. Nos. 93CA1798 and 93CA2070, Oct. 19, 1995) (not selected for official publication), because we determined that the personal representative of husband's estate was estopped from asserting that the dissolution decree became final before husband's death, we reversed the dissolution decree and permanent orders, as well as the probate court's order denying wife's claim. Our judgment, however, was reversed by the supreme court, which remanded the cause to us for consideration of issues raised by the parties but not addressed by us in our former opinion. *Estate of Burford v. Burford*, 935 P.2d 943 (Colo.1997).

Upon considering those other issues, we conclude that the dissolution court's evaluation of the marital property is, with one exception, supported by the record. We also conclude, however, that, in placing an overall value on the marital estate, that court misapplied § 14–10–113, C.R.S.1997. Hence, we conclude that the court's property division order must be reconsidered.

## I.

Wife's appeal from the probate court proceedings raised only one issue, *i.e.*, whether, because the dissolution court's decree dissolving the marriage was allegedly improper, the probate court was required to recognize wife as husband's widow.

However, in *Estate of Burford, supra,* the supreme court decided this issue adversely to wife. Hence, the order of the probate court from which wife appeals will be affirmed.

## II.

After remand of the cause to us, husband's estate moved to dismiss the appeal, based on the assertion that wife had waived her right to appeal by accepting the benefits of the court's order. We deny that motion.

If a party *complies* with an equitable decree or *pays* a monetary judgment, such action may render any appeal from that decree or judgment moot and rob the appellate court of jurisdiction because of a lack of a justiciable controversy. *Van Schaack Holdings, Ltd. v. Fulenwider*, 798 P.2d 424 (Colo. 1990).

In contrast, while a party *accepting* the benefits of a judgment may be held to have waived the right to appeal from that

judgment, the dismissal of the appeal in such cases is not based on jurisdictional grounds. *See Wilson v. Automobile Owners Ass'n Insurance Co.*, 152 Colo. 431, 382 P.2d 815 (1963).

Indeed, the acceptance of the benefits of a judgment will be held to constitute a waiver of appeal rights only if such action is inconsistent with the bases for the appeal. It is only if the appeal, if successful, will again put into issue the right of the party to receive the benefits already accepted that a waiver of the right to appeal will be found. *Wilson v. Automobile Owners' Ass'n Insurance Co., supra.*

The rule that a party cannot both accept the benefits of a judgment and pursue an appeal from that judgment, if the grounds for appeal make the act of accepting benefits inconsistent, has been applied to dissolution cases. *See In re Marriage of Jones*, 627 P.2d 248 (Colo.1981).

However, because of the nature of the decrees entered in such controversies and the dependence of at least some of the parties upon the receipt of the financial benefits awarded by those decrees, that rule has not been strictly applied to such controversies. *See In re Marriage of Lee*, 781 P.2d 102 (Colo.App.1989) (acceptance of maintenance payments does not waive right to appeal; public policy prohibits requiring a former spouse to elect between the necessities of life and the right to appeal). *See generally Gordon v. Gordon*, 218 Kan. 686, 545 P.2d 328 (1976) (rule of waiver should not be strictly applied in divorce cases because of peculiar situations of the parties and the equitable considerations in issue).

Here, the record is clear that wife did not, except in a minor instance, "accept" the benefits of the order entered by the trial court. On the contrary, it was husband who forced wife to accept those benefits over wife's objections.

The dissolution court's order of distribution gave wife assets totaling some $159,330. However, of this amount, some $35,000 represented interest in a residence, $48,000 was for retirement benefits that the trial concluded wife would have difficulty in qualifying to receive, $23,000 was in an IRA account, and approximately $12,000 represented the value of certain items of personal property and small bank accounts. The remaining $42,200 represented wife's share of the increase in husband's separate property and was to be paid to her from a designated account.

After the property distribution order was entered, husband's estate asked the court to allow it to pay wife her share of the liquid assets by paying certain debts wife was ordered to pay, by depositing certain funds in the court's registry to secure payment of attorney liens filed by wife's former counsel, and by paying the remainder to wife.

Wife objected to such request on several grounds, one of which was that, since she intended to appeal the property division order, husband's "enforcement mechanism now is premature." Nevertheless, the court granted husband's request, directed the payment of certain debts and the deposit with the registry, and ordered that: "The remaining money shall be paid to [wife]."

It is true that, after entry of this order, wife asserted that she had already paid certain debts, and she requested that she be paid an amount greater than that reflected in husband's motion. However, that request was merely in compliance with the order entered pursuant to husband's request.

These circumstances demonstrate that there is no basis for asserting that wife's acceptance of the court-ordered payment constituted a waiver by her of her right to appeal.

### III.

Wife contends that the trial court erred by improperly valuing specific assets owned by the parties, either separately or together. We conclude, however, that, with the exception of the so-called Burford Industries note, the court's evaluation findings are supported by the evidence.

The record shows that the subject note was obtained by husband during the marriage in consideration of his transfer of two assets to his sons: (1) a note payable to him from his sons, and (2) his interest (46.759%)

in a partnership. The face amount of the note he received was $490,000, which purported to represent the combined value of his partnership interest, set at $400,000, and the remaining balance on the pre-existing note in the amount of $90,000.

However, the court found that this transaction was not at arm's length, and it assessed the fair market value of husband's interest in the partnership at the time of the sale at $752,000. The court concluded, therefore, that the face amount of the note husband received should have been $752,000, rather than $420,000.

■ Yet, in assigning this value to the note received by husband, the trial court failed to account for the $90,000 note transferred to the sons or to include its value in the amount it determined husband would have received in an arm's length transaction. Hence, upon remand, the trial court should reconsider what the amount of the note received by husband should have been in light of the $90,000 note he surrendered to the sons and recompute the value of the Burford Industries' note accordingly.

### IV.

Wife also contends that the trial court erred in failing to include as marital property the increased value of specific assets held by husband as his separate property. We agree.

Section 14–10–113, C.R.S.1997, sets forth the required method for evaluating the marital estate. That statute provides that "marital property" does not include property acquired by either of the spouses prior to the marriage.

However, § 14–10–113(4), C.R.S.1997, provides that:

> An asset of a spouse acquired prior to the marriage ... shall be considered as marital property, for purposes of this article only, to the extent that *its* present value exceeds *its* value at the time of the marriage .... (emphasis supplied)

■ Hence, the amount by which the present value of any particular asset exceeds its value at the time of the marriage constitutes a marital asset.

In contrast, § 14–10–113(1)(d), C.R.S.1997, provides that, in determining a "just" distribution of the martial estate, the court must consider, among other things:

> Any increases or decreases in the value of the *separate property* of the spouse during the marriage or the depletion of the *separate property* for marital purposes. (emphasis supplied)

On their faces, these statutory directives distinguish between an increase in the value of "an asset," which is itself a part of the marital estate, and an increase or decrease in the overall value of a spouse's "separate property," which is not a part of the marital estate, but which is one of the economic circumstances to be considered in determining an equitable division of that estate. And, that distinction in language implies a distinction in meaning.

A spouse's "separate property" consists of all of the separate assets owned. "An asset," however, is only a single item, which may comprise only a part of the spouse's "separate property."

■ Hence, in carrying out the division of the marital estate in accordance with § 14–10–113, the dissolution court should first add to the marital estate the amount of increase during the course of the marriage, if any, in each asset that was owned by each party before the marriage. For *this* purpose, any asset suffering a decrease in value should be disregarded. Section 14–10–113(4), requires that the increased value of *each asset* be added to the marital estate; the net overall increase or decrease in value of all of the spouse's separate property is not to be considered for this purpose.

Then, after the value of the marital estate is determined, the court should consider whether the overall value of the spouse's entire "separate property" has been subject to an increase or decrease in value, or whether that property has been depleted for marital purposes, so as to determine an equitable and just division of the marital estate. It is for the purpose of dividing the marital estate, and not for the purpose of evaluating that estate, that § 14–10–113(1)(d) requires that the overall increase or decrease in value of a spouse's separate property be considered.

Here, however, the dissolution court determined the increase in value of husband's separate property, as a whole, in arriving at the value of the marital estate. From the figure representing several assets' increase in value, it subtracted the decrease in value suffered by several other assets and considered this "net" increase in all of the assets in determining the value of the estate to be divided. This resulted in the court evaluating the existing marital estate at a figure substantially lower than would have been computed by a straightforward application of § 14–10–113(4).

This does not mean, necessarily, that, in light of all the circumstances to be considered, the court's division of property here was inequitable. However, because the court's division order was based upon a miscalculation of the value of the marital estate, a remand to the court for its reconsideration of this issue is required.

### V.

Because we conclude that the dissolution court's decree was based upon a miscalculation, we do not decide whether the court abused its discretion in entering the present division order.

Likewise, because the court should enter a new order respecting attorney fees after the entry of its new division order, we also do not address wife's claim of error with respect to the present award of fees.

The order of the probate court is affirmed. That portion of the dissolution judgment dividing property between husband and wife is reversed, and the cause is remanded for the court's further consideration of this issue and of the question of the award of additional attorney fees to the parties in accordance with the views set forth in this opinion.

JONES and TURSI*, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).