Steven J. POTTER, Plaintiff–Appellant
and Cross–Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Defendant–
Appellee and Cross–Appellant.

No. 99CA1995.

Colorado Court of Appeals,
Division III.

Feb. 15, 2001.

McDivitt Law Firm, P.C., Gary S. Craw, Colorado Springs, CO, for Plaintiff–Appellant and Cross–Appellee.

Levy & Lambdin, P.C., Suzanne Lambdin, L. Kathleen Chaney, Englewood, CO, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge NEY.

Plaintiff, Steven J. Potter, appeals the adequacy of the judgment entered in his favor on a claim for personal injury protection benefits against defendant, State Farm Mutual Automobile Insurance Company, asserting that the trial court erred in calculating attorney fees and treble damages. Defendant cross-appeals, contending that the court erred in determining damages, and that it is entitled to a new trial based on jury misconduct and improper closing arguments. We dismiss plaintiff's appeal because he has waived his right to review, and we dismiss

defendant's cross-appeal for lack of jurisdiction.

## I.

Because we conclude that it is dispositive, we first address defendant's argument that plaintiff has waived his right to appeal.

After the trial court entered judgment, defendant paid the full amount of the judgment to plaintiff. Upon payment, plaintiff and his attorney signed an "Acknowledgement of Satisfaction of Judgment," which stated:

> RECEIPT of the sum of Fifty–Six Thousand, Five Hundred Seventy–Two Dollars and 11/100th ($56,572.11), paid by State Farm Mutual Automobile Insurance Company, is hereby acknowledged as received in satisfaction of the Judgment entered in the above-entitled action.... Plaintiff acknowledges that this sum includes payment of the amount of attorney fees awarded by the Court and included in the September 8, 1999 Judgment. It does not include payment of costs that the Court may hereafter award. The undersigned hereby authorizes and directs the Clerk of said Court to enter of record this acknowledgement of satisfaction of said judgment in this action.

This acknowledgement of satisfaction of judgment was filed with the court. Subsequently, after recovery of the full amount of the awarded costs, plaintiff and his attorney signed an acknowledgement of satisfaction of costs awarded, which was also filed with the court.

■ Generally, a party who accepts an award under a judgment waives his or her right to any review of the adjudication that may again put in issue his or her right to the benefit he already accepted. *Rodriguez v. Healthone*, —— P.3d ——, 2000 WL 674860 (Colo.App. No. 98CA2173, May 25, 2000); *see also Main Electric, Ltd. v. Printz Services Corp.*, 980 P.2d 522 (Colo.1999) (appellate courts will not render judgment on the merits of an appeal if subsequent events have caused the issues in the litigation to become moot, and a case is moot if the parties intended to settle their claims).

A party who accepts an award under a judgment waives the right to any such review because a party cannot both accept the benefits of a judgment and pursue an appeal from that judgment if the grounds for appeal make the act of accepting benefits inconsistent. *In re Marriage of Burford*, 950 P.2d 682 (Colo.App.1997); *see also Farmers Elevator Co. v. First National Bank*, 30 Colo. App. 529, 497 P.2d 352 (1972) (even in cases in which the only claim was for an increase of the award, the party who accepts the benefits is deemed to have waived the right to appeal), *aff'd*, 181 Colo. 231, 508 P.2d 1261 (1973).

By voluntarily accepting the sum of the judgment, the appellant is deemed to have waived, or is estopped from claiming, any appellate right to relief. *Wilson v. Automobile Owners Ass'n Insurance Co.*, 152 Colo. 431, 382 P.2d 815 (1963). *Cf. Main Electric, Ltd. v. Printz Services Corp., supra* (where party refused to execute satisfaction of judgment after receiving payments, there was no intention to settle its claims on appeal).

Here, the record is devoid of evidence indicating that plaintiff did not voluntarily choose to accept payment from defendant in satisfaction of the judgment and of his claims. The initial acknowledgement of satisfaction of judgment specifically recognized the inclusion of the attorney fees awarded, but reserved only the matter of costs to be determined by the court in the future. A second acknowledgement of satisfaction related to the costs with no reservation or limitation expressed was subsequently filed with the court.

■ Both acknowledgements were signed by plaintiff and his attorney, were filed with the court, and authorized and directed the court to enter of record the acknowledgements as satisfaction of the judgment. The acknowledgements do not reserve any future claim for additional attorney fees or damages that plaintiff now claims the court erroneously failed to award. *See, e.g., Oken v. Hammer*, 791 P.2d 9, 10 (Colo.App.1990) (satisfaction specifically stated that it did not prejudice certain parties' "right to seek appellate review").

Because plaintiff now seeks to adjudicate issues related to the benefits that he has accepted, we conclude he has waived his right to any such appellate review. *See Wilson v. Automobile Owners Ass'n Insurance Co., supra.*

## II.

Defendant's cross-appeal, which seeks appellate review of the damages awarded and seeks a new trial related to jury misconduct and improper closing arguments, must also be dismissed.

If a party pays a monetary judgment, such an action may render an appeal from that judgment moot and rob the appellate court of jurisdiction because of a lack of a justiciable controversy. *Van Schaack Holdings, Ltd. v. Fulenwider,* 798 P.2d 424 (Colo.1990); *In re Marriage of Burford, supra.* Here, the defendant cannot appeal from a judgment that it has voluntarily satisfied. *See Paulu v. Lower Arkansas Valley Council of Governments,* 655 P.2d 1391 (Colo.App.1982).

Appeal and cross-appeal dismissed.

MARQUEZ and RULAND, JJ., concur.