# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 16, 2001 Session

## RICHARD JOHN JOLLY v. LYNETTE SUZANNE JOLLY

**Appeal from the Chancery Court for McNairy County**
**No. 7471     Martha B. Brasfield, Chancellor**

---

**No. W2001-00159-COA-R3-CV - Filed July 19, 2002**

---

This is a divorce case regarding the distribution of marital property.  The wife moved from Tennessee to Kansas with the parties' four minor children and later filed a petition for divorce. The Kansas court awarded the wife a divorce, custody of the children, and child support but found that it did not have jurisdiction to order a division of the parties' marital property located in Tennessee. Thereafter, the wife filed this action in Tennessee seeking a division of the parties' marital property in Tennessee.  The trial court ordered that the Tennessee property be sold and that the husband's share of the sale proceeds be reduced by the amount of unpaid child support. On appeal, the husband argues, inter alia, that the trial court erred in recognizing the Kansas divorce decree.  We affirm, finding that the Kansas decree was entitled to full faith and credit and that the trial court did not err in dividing the parties' marital property in Tennessee.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Richard John Jolly, Bethel Springs, Tennessee, Pro Se.

Ken Seaton, Selmer, Tennessee, for the Appellee, Lynette Suzanne Jolly.

## OPINION

Plaintiff/Appellant Richard Jolly, a.k.a. Yericho Y. Yisrael, ("Husband") and Defendant/Appellee Lynette Jolly, a.k.a. Lynette Suzanne Yisrael, ("Wife") were married in Illinois in 1974.  In 1982, the couple moved to a 75 acre farm in Bethel Springs, McNairy County, Tennessee.  During the course of the marriage, the couple had four children.

In April 1998, Wife moved with the four children to Kansas.  In May 1999, Wife then filed a petition for divorce in the District Court, Johnson County, Kansas ("Kansas district court").  In her petition for divorce, Wife also sought a division of the marital property, sole custody of the minor children, and child support.  The Kansas district court awarded temporary custody to Wife and

ordered Husband to pay $1296 per month in child support during the pendency of the divorce proceedings. Subsequently, Husband filed an answer as well as a motion to dismiss for lack of jurisdiction with the Kansas district court. Husband then filed his own petition for divorce in the County Chancery Court of McNairy County, Tennessee ("Tennessee chancery court"), seeking primary custody of the children and possession of the family's Tennessee home. Husband's petition asserted that Tennessee was the "home state" of the children and that Wife had abducted the children when she moved to Kansas in 1998. Wife responded to Husband's Tennessee petition by filing an answer and counter-complaint informing the Tennessee chancery court of the Kansas divorce proceedings and seeking an equitable division of the parties' marital property.

The Kansas district court denied Husband's motion to dismiss for lack of jurisdiction as to child custody, visitation, and child support; however, the Kansas court granted Husband's motion as to the parties' marital property in Tennessee. Husband then filed a motion to dismiss his Tennessee divorce petition, asserting that the case was being tried in Kansas. The Tennessee chancery court did not rule on this motion.

Husband did not attend the hearing in Kansas on Wife's divorce petition. The Kansas district court entered a judgment and decree of divorce granting Wife an absolute divorce and awarding her sole custody of the four minor children with visitation solely in her discretion. The decree further stated:

> Pursuant to the Temporary Orders signed in this case on May 13, 1999, there is a child support arrearage in the amount of $16,848, and Petitioner shall have a judgment against the Respondent for that amount.

> The Respondent was a resident of the state of Tennessee, and now states that he resides in Mississippi. The judgments and orders issued herein are intended as final judgments and orders, which can be registered in Tennessee, Mississippi or any other jurisdiction.

The Kansas court awarded Wife monthly child support in the amount of $1359 per month, commencing July 1, 2000. The Kansas court also ordered Husband to pay $500 in discovery-related sanctions. Husband did not appeal these orders.

On September 1, 2000, Wife filed a motion with the Tennessee chancery court to set a trial for the remaining issue, division of the parties' marital property. Wife's motion stated that "the proceedings in Kansas divorcing the parties have ended and a certified copy of the Decree entered in that matter has been filed in this matter." The Tennessee chancery court set the matter for trial on December 4, 2000. On October 19, 2000, Husband filed a motion with the Tennessee chancery court seeking a pre-trial hearing and a postponement of the trial until the pretrial hearing. Husband next filed with the Tennessee chancery court a motion to vacate the Kansas district court's decree, and stating that "should there have been or should there be in the future any attempt to register the

-2-

Kansas Child Custody, Support, and Visitation orders in Tennessee that [he] does contest those orders and moves that they be vacated."

The matter was heard by the Tennessee chancery court on December 4, 2000. As with the proceedings in Kansas, Husband was not present for this hearing. The only evidence presented at the hearing was Wife's testimony. The Tennessee chancery court entered an order dated December 21, 2000, finding that Wife "has been awarded a divorce in the District Court of Johnson County, Kansas and it is now proper to equitably divide the parties' real property, which is located in McNairy County, Tennessee." The Tennessee court ordered that the Tennessee property be sold at auction and that Wife recover $26,000 from the net proceeds, representing separate property she used to purchase the property and make improvements. The remaining proceeds were ordered to be divided equally between Husband and Wife, with Husband's share reduced by the amount of any unpaid child support at the time of sale, including the arrearage assessed by the Kansas district court, plus the $500 in sanctions ordered by the Kansas court. From this order, Husband now appeals.

Husband raises numerous issues on appeal, including various challenges to the Kansas decree. However, we find that the only issues which the Tennessee chancery court had jurisdiction to decide, and the only issues this Court has jurisdiction to address on appeal, were those arising from the distribution of the parties' Tennessee marital property.[1] All other issues raised by Husband are without merit.

Husband argues first that the Tennessee chancery court erred in failing to grant Husband's motion to dismiss his Tennessee petition for divorce. Subject to certain limitations, a plaintiff has "the right to take a voluntary nonsuit to dismiss an action. . .by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties." Tenn. R. Civ. P. 41.01(1). However, Husband's right to take a nonsuit is subject to Wife's right to proceed on her counterclaim. *See* id. Under these circumstances, the Tennessee chancery court did not err in proceeding to trial on the issue presented in Wife's counterclaim, that is, the division of the marital property.

Husband next argues that the Tennessee chancery court denied him his constitutionally protected right to a trial by jury. In his motion seeking a continuance of the trial in Tennessee, Husband states: "Plaintiff moves the court for a trial by jury on the matters of child custody and child support." These issues had been decided by the Kansas district court and were not properly before the Tennessee chancery court. Therefore, Husband's argument that he was entitled to a jury trial on these issues is without merit.

Husband also argues on appeal that the Tennessee chancery court erred in declining to grant his motion for a continuance of the trial in Tennessee. The granting or denial of a continuance is

---

[1] At the time the case was heard by the chancery court, Wife was residing with the parties' children in Kansas and Husband was residing in Mississippi. Therefore, the only connection Tennessee had with the parties was their marital property located in McNairy County.

within the sound discretion of the trial judge and will not be disturbed on appeal in the absence of an abuse of that discretion. ***Blake v. Plus Mark, Inc.***, 952 S.W.2d 413, 415 (Tenn. 1997). The Tennessee chancery court found that Husband "has demonstrated by the filing of the Motion for Continuance and by his previous actions that he will make every effort to delay this matter. [Husband] has had ample time to obtain counsel and this matter was set for hearing on this date upon previous Motion by [Wife] with proper Notice to the [Husband]." The Tennessee chancery court clearly acted within its discretion in denying Husband's motion for a continuance.

Husband next argues on appeal that the Kansas decree was not entitled to full faith and credit and, therefore, should not have been relied on by the Tennessee chancery court in ordering a division of the marital property located in Tennessee. Husband essentially challenges the jurisdiction of the Kansas district court. ***See Atchley v. Atchley***, 585 S.W.2d 614, 617 (Tenn. Ct. App. 1978) ("Article IV, Section I does not require a state to give full faith and credit to a judgment which is void for lack of jurisdiction."). Under Kansas law, all that is required for a court to exercise jurisdiction in a divorce proceeding is that the petitioner be an actual resident of the state "for 60 days immediately preceding the filing of the petition," ***See*** Kan. Stat. Ann. § 60-1603(a) (LEXIS through 1999 Sess.), and that the respondent be provided with service of process either personally or by publication. ***See Lillis v. Lillis***, 563 P.2d 492, 494 (Kan. Ct. App. 1977). ***See also Johnson v. Muelberger***, 340 U.S. 581, 585 (1951) (holding that "domicile of one party to a divorce creates an adequate relationship with the state to justify its exercise of power over the marital relationship"). Wife clearly met the residency requirement and Husband does not dispute that he received service of process. Under these circumstances, Husband has failed to show that the Kansas court did not have jurisdiction over the divorce petition and that the Kansas divorce decree should not be given full faith and credit by the courts of Tennessee. ***Johnson***, 340 U.S. at 587 (finding that a state must give full faith and credit to an out-of-state divorce decree where the party collaterally attacking the decree was personally served or entered a personal appearance in the out-of-state proceeding).

Husband argues that the Tennessee chancery court was required to first register the Kansas decree and to provide him with notice and an opportunity to contest its validity before ordering a division of the parties' marital property in Tennessee and reducing his share of the proceeds from the sale of the property by the amount of his child support arrearage. ***See*** Tenn. Code Ann. §§ 26-6-104 to 26-6-105 (2000) (providing for notice and the opportunity to contest the execution or enforcement of a foreign judgment); Tenn. Code Ann. § 36-5-2606 (Supp. 2000) (providing for notice and an opportunity to contest the validity or enforcement of a foreign child support order).

However, in this case, the Kansas decree was not "enforced" by the Tennessee chancery court. Tennessee Code Annotated § 36-4-121(c) (Supp. 2000) provides that the trial court shall consider "all relevant factors" in making an equitable division of marital property and the trial court is afforded wide discretion in this regard. ***Barnhill v. Barnhill***, 826 S.W.2d 443, 449 (Tenn. Ct. App. 1991). The trial court's discretion to consider any relevant factors would include any unpaid child support, regardless of whether the support was ordered by a court of another state. The record indicates that Husband was given the opportunity to participate in the property division proceedings but instead repeatedly tried to delay any final resolution and did not appear at the hearing in

Tennessee.  Under these circumstances, we find that the Tennessee chancery court did not err in its division of the parties' marital property in Tennessee.

The decision of the trial court is affirmed.  Costs are taxed to the appellant, Richard John Jolly, and his surety, for which execution may issue if necessary.


_____
HOLLY KIRBY LILLARD, JUDGE