(667 P.2d 395)
No. 55,063

NIRANJAN SHARMA, *Appellee*, v. MRIDULA NIRANJAN SHARMA, *Appellant*.

Opinion filed August 4, 1983.

*Roy S. Bennett, Jr.,* of Bennett & Heaven, of Shawnee, for the appellant.

*Lawrence C. Gates,* of Overland Park, for the appellee.

Before FOTH, C.J., SPENCER and PARKS, JJ.

FOTH, C.J.: The defendant, Mridula Niranjan Sharma, appeals from an order granting a divorce to her husband, Niranjan Sharma. The parties are citizens of India and Hindus of high caste. The wife contends that the order dissolving her marriage violates her constitutionally guaranteed right of free exercise of religion. She informs us that the Hindu religion does not recognize divorce, and that if she returns to India as a divorced woman, her family and friends will treat her as though she were dead. The husband disputes this, but even assuming that the wife's interpretation of Hindu personal law is accurate, we must affirm.

It has long been recognized that under the First Amendment of the United States Constitution, freedom of belief is absolute. The law may, however, regulate conduct prompted by religious beliefs when the individual's interest in the free exercise of religion is outweighed by a compelling state interest. *Sherbert v. Verner,* 374 U.S. 398, 403, 10 L.Ed.2d 965, 83 S.Ct. 1790 (1963); *Reynolds v. United States,* 98 U.S. 145, 25 L.Ed. 244 (1878).

The wife contends that *Wisconsin v. Yoder,* 406 U.S. 205, 32 L.Ed.2d 15, 92 S.Ct. 1526 (1972), requires that her religious beliefs prevail. We disagree. In *Yoder,* the United States Supreme Court found that the State's requirement of compulsory

school attendance until age 16 was in irreconcilable conflict with the religious beliefs of the Amish defendants. Formal high school education beyond the eighth grade not only exposes Amish children to values that they reject as influences that alienate man from God, but it also takes them away from the traditional training that imparts the attitudes and skills necessary for life in the Amish community. 406 U.S. at 211-212. This is not such a case, for the granting of a divorce to the husband does not deny the wife her religious freedom.

We find only one case in which the present issue has been considered, *Williams v. Williams*, 543 P.2d 1401 (Okla. 1975), *cert. denied* 426 U.S. 901 (1976). In response to a wife's contention that the divorce granted to her husband contravened the religious vows taken by the parties and the authority of God, the Bible, and Jesus Christ, the Oklahoma Supreme Court stated:

"The action of the trial court only dissolved the civil contract of marriage between the parties. No attempt was made to dissolve it ecclesiastically. Therefore, there is no infringement upon her constitutional right of freedom of religion. She still has her constitutional prerogative to believe that in the eyes of God, she and her estranged husband are ecclesiastically wedded as one, and may continue to exercise that freedom of religion according to her belief and conscience. Any transgression by her husband of their ecclesiastical vows, is, in this instance, outside the jurisdiction of the court." 543 P.2d at 1403.

We agree with the Oklahoma court's analysis and find it applicable here. The wife here may take such view of their relationship after the decree as her religion requires, but as a matter of law the civil contract has been dissolved.

In addition, the husband apparently does not share his wife's religious beliefs about divorce, since he sought the decree. Under these circumstances, to compel him to remain married because of the wife's religious beliefs would be to prefer her beliefs over his. Any such preference is prohibited by the Establishment Clause of the First Amendment. The government may not "aid one religion, aid all religions, or prefer one religion over another." *Everson v. Board of Education,* 330 U.S. 1, 15, 91 L.Ed. 711, 67 S.Ct. 504 (1947).

We discern no constitutional infirmity in the decree dissolving the marriage.

The wife also claims that the husband is estopped from filing for divorce because the marriage was contracted with specific reference to the parties' religious beliefs, and that there was

insufficient evidence to support a finding of incompatibility. She conceded at oral argument that the estoppel claim was never presented to the trial court; therefore it is not properly before us. *Lantz v. City of Lawrence,* 232 Kan. 492, 500, 657 P.2d 539 (1983). Although the parties' testimony differed as to the cause and intensity of their quarrels, the record reveals competent substantial evidence that the parties were incompatible. Thus, the trial court's finding on this point must stand. *North v. North,* 217 Kan. 213, 214, 535 P.2d 914, *cert. denied* 423 U.S. 940 (1975); *Berry v. Berry,* 215 Kan. 47, 51, 523 P.2d 342 (1974).

Affirmed.