NOT DESIGNATED FOR PUBLICATION

No. 127,765

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

PATRICIA WEIGHOUS, n/k/a Patricia Ledesma,
*Appellee*,

and

KEVIN WEIGHOUS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Barton District Court; CAREY L. HIPP, judge. Submitted without oral argument. Opinion filed May 30, 2025. Affirmed.


*S.A. (Tim) Scimeca*, of Wichita, for appellant.


*Matt Odom*, of Kansas Legal Services, of Hays, for appellee.


Before PICKERING, P.J., BRUNS and SCHROEDER, JJ.


PER CURIAM: Kevin Weighous appeals the district court's denial of his motion to set aside the divorce decree under K.S.A. 60-260(b) and the denial of his motion for marriage counseling under K.S.A. 23-2710. Based on the record provided, we find the district court did not abuse its discretion, and we affirm.


1

FACTUAL AND PROCEDURAL BACKGROUND

Patricia Weighous, now Patricia Ledesma, filed a petition for divorce from Kevin on February 15, 2023. Kevin answered, alleging that Patricia lacked the capacity to divorce because she was under a conservatorship and was unable to handle her own affairs. Patricia replied, stating Kevin had been appointed Patricia's guardian and conservator on July 31, 2018, but asserted she had maintained a job and had been able to complete all her self-care activities after she left Kevin in 2022. She argued she had capacity to enter the marriage in 2009 and her ability to care for herself had grown, not diminished, since then.

On June 26, 2023, the court held a hearing on Patricia's petition for divorce. A transcript of the hearing was not included in the record on appeal. At the hearing, the district court granted Kevin's attorney's motion to withdraw. Patricia objected to a continuance of the hearing and requested the district court bifurcate the issue of divorce from property distribution and debt allocation.

The district court granted Patricia a divorce. The district court ordered that an evidentiary hearing to determine property distribution and debt allocation be set out at least 30 days to allow Kevin time to retain new counsel. The district court filed the divorce decree on June 28, 2023.

On August 23, 2023, Kevin, through new counsel, moved to set aside the divorce decree under K.S.A. 2023 Supp. 60-260(b)(1) and (6). Kevin's counsel asserted the divorce decree should be set aside based on surprise, excusable neglect, or for any other reason justifying relief. He alleged Kevin's former attorney withdrew and Kevin's failure to retain his current counsel was excusable neglect. Similarly, he argued that "being represented by Counsel who did not have [Kevin's] interests in mind, and did not express his concerns as requested, constituted surprise" because Kevin anticipated his concerns

2

and objections would be argued by counsel. Kevin also filed a motion for marriage counseling. This motion is not included in the record on appeal.

Patricia responded to both motions, arguing setting aside the divorce decree would force her to remain married against her wishes. She also asserted she did not want to attend marriage counseling.

The district court held a hearing on both motions on January 12, 2024. The district judge stated he had access to the records in Patricia's conservatorship case, and neither party objected. At the hearing, Kevin's current counsel argued Kevin had made attempts to retain him before the June 2023 divorce proceeding, but he had a scheduling conflict with another court and was unable to attend the hearing. Kevin contended that allowing his former attorney to withdraw at the start of the June 2023 divorce hearing was prejudicial. Kevin also alleged the parties had no meaningful conversations about the divorce and Patricia was easily influenced because she was intellectually challenged.

The district court questioned whether Kevin had been made aware of his former attorney's motion to withdraw. Kevin stated he did not remember receiving notice of counsel's intent to withdraw. The district court also questioned whether it had had the ability to move forward with the divorce regardless of Kevin's objections, and Kevin agreed the district court had not needed his consent to enter the decree. Kevin's counsel asserted that, based on Kevin's faith, he believed "he should do everything he can to protect the marital relationship." Kevin also contended that Patricia did not want to divorce but was influenced by other people to divorce him.

Patricia's counsel responded that Kansas was a no-fault divorce state and the standard for divorce was simply incompatibility of the parties. Counsel argued the district court had not abused its discretion when it entered the divorce decree on June 28, 2023. Patricia's counsel also contended she was allowed to discuss major life decisions with her

3

family or others and asserted that it would be inappropriate for the court to require private contact with Kevin in order to divorce him.

The district court denied the motion to set aside the divorce decree. The court noted its judicial district required testimony from the parties to finalize a divorce and that Patricia had previously articulated her reasons for wanting a divorce during her testimony. In its ruling, the court stated, "[I]t would be unjust to require a party to continue in a marriage they do not desire." The district court found Kevin had notice and an opportunity to be heard at the June 26, 2023 divorce hearing.

After denying the motion to set aside the divorce decree, the district court stated it believed its ruling made argument on the motion for marriage counseling unnecessary. Kevin argued the district court should still hear the motion because marriage counseling did not depend on the parties being married.

Patricia's counsel acknowledged the district court had discretion to order marriage counseling. Her counsel contended, however, that "there must be an actual marriage for marriage counseling to be appropriate." Counsel argued allowing marriage counseling after the decree had been filed did not "allow finality in the determination of a marriage . . . ." And Patricia's counsel again asserted that she did not want to have marriage counseling with Kevin.

The district court chose to hear argument and testimony on the motion for marriage counseling. Patricia called Carie Brown, a clinical social worker who had been appointed to evaluate Kevin and Patricia's marriage, as a witness. Brown testified she met with Patricia individually and Patricia identified "legitimate" reasons for wanting a divorce. Specifically, Patricia reported multiple instances of emotional, financial, and physical control issues and emotional abuse. Brown testified Patricia was nervous about having to meet with Kevin face-to-face.

4

Brown testified she also met with Kevin individually. She described Kevin as obsessive and stated Kevin's intention was to "get my wife to come home."

Brown testified she met with Kevin and Patricia together. Yet Kevin broke the rules established for the session as he walked into the room by referring to Patricia as "'Sweetheart.'" The session ended after approximately 15 minutes after Kevin again broke the rules established for the session. During the session, Patricia articulated reasons why she wanted a divorce, and Kevin stated his desire to reconcile the marriage. Brown testified she believed the marriage was unhealthy and abusive. No one else was called to testify as a witness.

Kevin concluded by arguing that marriage counseling would do no harm to the parties. Instead, he suggested it could be beneficial to resolve whether to reconcile or end the relationship "gracefully." Patricia did not make any other arguments.

The district court denied the motion for marriage counseling, stating it was concerned with ordering marriage counseling based on the testimony regarding emotional, financial, and physical abuse. The district court believed it would be unfair to Patricia to require her to attend marriage counseling, considering her desire to end the marriage.

Kevin appealed.

On March 3, 2025, we ordered the parties to show cause that the case was ripe for consideration because, from the record before the panel, it did not appear the case had become final. On March 7, 2025, Patricia responded that the case was not final—there was a final hearing on property distribution and debt allocation set for March 14, 2025. Even so, Patricia requested this court defer ruling on the order to show cause until April 9, 2025, and address the merits if a final order had been filed at that time. The order

5

resolving property distribution and debt allocation was filed in the district court on April 8, 2025, which neither party later contested. Accordingly, the April 8 order constituted the final order in this case.

ANALYSIS

I.  *The District Court Did Not Abuse Its Discretion in Denying Kevin's Motion for Relief from Judgment*

We review the denial of a motion for relief from judgment filed under K.S.A. 60-260(b) for an abuse of discretion. *In re Marriage of Johnston*, 54 Kan. App. 2d 516, 521, 402 P.3d 570 (2017). "The district court abuses its discretion if its decision is based on a legal or factual error or if no reasonable person would agree with the court's decision." *In re Marriage of Thrailkill*, 57 Kan. App. 2d 244, 257, 452 P.3d 392 (2019). "If reasonable persons could differ as to the propriety of the action taken by the district court, then it cannot be said that the district court abused its discretion. The party asserting that the district court abused its discretion bears the burden of showing such abuse. [Citation omitted.]" *In re Marriage of Hair*, 40 Kan. App. 2d 475, 480, 193 P.3d 504 (2008).

Under K.S.A. 2024 Supp. 60-260(b):  "[T]he court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:  (1) Mistake, inadvertence, surprise or excusable neglect; . . . or (6) any other reason that justifies relief."

Kevin argues the district court abused its discretion when it denied his motion to set aside the divorce decree under K.S.A. 60-260(b)(1) and (6). Specifically, he contends the district court erred when it allowed his former counsel to withdraw prior to the hearing on the divorce petition, leaving him to argue against the divorce pro se. He also argues the district court should have set aside the decree because he has not had an

6

opportunity to discuss the divorce proceedings with Patricia without outside involvement. Similarly, he contends the district court erred because Patricia is intellectually challenged and there are "severe" questions regarding whether Patricia truly wanted a divorce. Finally, Kevin claims the district court erred when it denied his motion to set aside the decree because it "did not even consider the religious and spiritual aspects of the marriage" and thus violated his rights under the First Amendment to the United States Constitution and section 7 of the Kansas Constitution Bill of Rights.

A. *The record is insufficient to find the district court abused its discretion by allowing Kevin's former counsel to withdraw prior to the hearing on the divorce.*

On appeal, Kevin argues the district court abused its discretion when it denied his motion for relief from judgment despite allowing his counsel to withdraw before the start of the June 26, 2023 hearing. However, the transcript of this hearing is not included in the record on appeal. "The party asserting error must designate a record that establishes prejudicial error. Without such a record, the party's argument will fail. It is not this court's job to speculate about the district court's rulings. [Citation omitted.]" *AkesoGenX Corp. v. Zavala*, 55 Kan. App. 2d 22, 42, 407 P.3d 246 (2017). Without a sufficient record, "appellate courts presume the action of the district court was proper." *In re Adoption of T.M.M.H.*, 307 Kan. 902, Syl. ¶ 8, 416 P.3d 999 (2018).

Here, Kevin has similarly failed to designate a record establishing error. The record does not contain Kevin's former counsel's June 1, 2023 motion to withdraw. Nor does it contain a transcript of the June 26, 2023 divorce proceeding at which the district court allowed counsel to withdraw. At the January 12, 2024 hearing on Kevin's motion to set aside the divorce decree, the district court noted that parties are entitled to notice and an opportunity to be heard. The court continued, "I believe that Mr. Weighous made that argument through an attorney and also through himself at a statement at that June 26th

7

hearing." The record does not indicate why Kevin's former counsel withdrew or the circumstances under which Kevin proceeded pro se. Kevin has not designated a record showing prejudicial error. He has not shown the district court abused its discretion when it denied this basis of Kevin's argument.

B. *The district court did not abuse its discretion when it denied Kevin's motion for relief from judgment because the parties had not had "meaningful conversation" regarding the divorce.*

Kevin's discussion of this issue is two sentences: "The parties have been together since 2009. The parties have had no meaningful conversation *without outside presence and opinion* regarding the filing of this divorce." Kevin states facts but makes no argument. He does not allege a mistake of fact. Nor has Kevin argued a mistake of law or even claimed the parties should have been required to meet. Reasonable people could disagree about whether the district court should have required the parties to communicate directly. Kevin has not met his burden to show an abuse of discretion on this issue. See *In re Marriage of Thrailkill*, 57 Kan. App. 2d at 257.

C. *The district court did not abuse its discretion when it denied Kevin's motion contending that Patricia is intellectually challenged and easily influenced.*

Next, Kevin asserts Patricia "is intellectually challenged and easily influenced. There are severe questions as far as [Patricia's] ability to voice a truly independent opinion regarding her marriage." Again, he does not make any argument on how the district court erred based on these facts.

At any rate, at the June 26, 2023 divorce hearing, Patricia apparently testified that she did not want to be married. That transcript is not part of the record on appeal. Nor are the records of the case establishing a conservatorship for Patricia. "The party asserting

error must designate a record that establishes prejudicial error. Without such a record, the party's argument will fail." *AkesoGenX Corp.*, 55 Kan. App. 2d at 42.

Without the June 26, 2023 transcript, we cannot review Patricia's testimony regarding her desire for a divorce. Regardless, at the January 12, 2024 hearing on Kevin's motion to set aside the decree, Brown testified—without objection—that Patricia told her that she did not want to be married. Without the records from the conservatorship, we are in no position to determine whether Patricia lacked capacity to divorce. Kevin has not designated a record on appeal to suggest prejudicial error occurred when the district court denied his motion for relief from judgment.

D. *The district court did not abuse its discretion by failing to consider the religious and spiritual aspects of the marriage.*

Kevin argues the district court abused its discretion because it did not consider the spiritual and religious aspects of the marriage and therefore violated his rights under the First Amendment and section 7 of the Kansas Constitution Bill of Rights. He also contends he was denied due process under the Fifth and Fourteenth Amendments to the United States Constitution but does not elaborate on that point. Essentially, Kevin argues that his religious beliefs dictated that marriage is "sacrosanct" and "should not be disturbed."

*Sharma v. Sharma*, 8 Kan. App. 2d 726, 667 P.2d 395 (1983), is directly on point. There, the husband sought a divorce from his wife. Both parties were Hindus. The wife argued the divorce violated her constitutional right to the free exercise of religion because divorce is not recognized in the Hindu religion. The *Sharma* panel noted: "It has long been recognized that under the First Amendment of the United States Constitution, freedom of belief is absolute. The law may, however, regulate conduct prompted by religious beliefs when the individual's interest in the free exercise of religion is

9

outweighed by a compelling state interest." 8 Kan. App. 2d at 726. The *Sharma* panel held: "The wife here may take such view of their relationship after the decree as her religion requires, but as a matter of law the civil contract has been dissolved." 8 Kan. App. 2d at 727.

In summary, the district court did not abuse its discretion in denying the motion for relief from judgment when it failed to consider the spiritual and religious aspects of the marriage. Like the wife in *Sharma*, Kevin may take any view of the marriage his religion requires. The divorce decree dissolved only the civil contract.

E. *The district court did not abuse its discretion by denying Kevin's motion to set aside the divorce decree.*

Kevin has not provided a record that shows the district court abused its discretion by declining to set aside the divorce decree. Multiple helpful documents were not included as part of the record on appeal. Kevin did not adequately brief his arguments and has not shown that reasonable people could disagree regarding the district court's decision. See *In re Marriage of Hair*, 40 Kan. App. 2d at 480. The district court did not abuse its discretion when it denied Kevin's motion to set aside the divorce decree.

II. *The District Court Did Not Abuse Its Discretion in Denying Kevin's Motion for Marriage Counseling*

K.S.A. 23-2710(a) states:

"After the filing of the answer or other responsive pleading by the respondent, the court, on its own motion or upon motion of either of the parties, *may* require both parties to the action to seek marriage counseling if marriage counseling services are available within the judicial district of venue of the action. Neither party shall be required

10

to submit to marriage counseling provided by any religious organization of any particular denomination." (Emphasis added.)

Both parties assert this court should review the district court's denial of Kevin's motion for marriage counseling for an abuse of discretion. No Kansas court has previously addressed the standard of review for a denial of a motion for marriage counseling under K.S.A. 23-2710. That said, many other aspects of a divorce are reviewed for an abuse of discretion, including the division of property, awards for spousal maintenance, and awards of child support. See *In re Marriage of Meek*, 64 Kan. App. 2d 270, 288, 551 P.3d 127 (2024) (division of property); *In re Marriage of Thrailkill*, 57 Kan. App. 2d at 257 (spousal maintenance and child support). Furthermore, "[t]he word 'may' is generally a trigger for a statute that is discretionary." *Jordan v. Jordan*, 47 Kan. App. 2d 300, 305, 274 P.3d 657 (2012). We will review for an abuse of discretion.

As previously noted: "The district court abuses its discretion if its decision is based on a legal or factual error or if no reasonable person would agree with the court's decision." *In re Marriage of Thrailkill*, 57 Kan. App. 2d at 257. "The party asserting that the district court abused its discretion bears the burden of showing such abuse." *In re Marriage of Hair*, 40 Kan. App. 2d at 480.

On appeal, Kevin argues the parties have not had "meaningful conversation[s]" without outside presence and opinions about Patricia's decision to end the marriage. He contends marriage counseling provides an opportunity for the parties to reconcile or "end the marriage in a civilized and mutually agreeable manner." Kevin also asserts the district court could order marriage counseling even if there was no longer a legal marriage. Finally, he again argues the denial of his motion for marriage counseling denied him his rights under the First, Fifth, and Fourteenth Amendments and section 7 of the Kansas Constitution Bill of Rights.

11

Kevin does not explain how the district court's denial of the motion for marriage counseling denied him his rights under the First, Fifth, and Fourteenth Amendments or under section 7 of the Kansas Constitution Bill of Rights. "Issues not adequately briefed are deemed waived or abandoned." *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019).

Similarly, Kevin has not shown the district court's denial of his motion for marriage counseling was an abuse of discretion. The district court denied Kevin's motion for marriage counseling on the merits after hearing Brown's testimony. The district court believed it had discretion to order marriage counseling but "did not hear anything today that would make me think that would be a good idea." The district court noted that it did not see how marital counseling would help resolve the remaining issues of property division and debt allocation. Further, the district court noted Brown did not believe marital counseling was a good idea. The district court also expressed its concern regarding the emotional, financial, and physical abuse alleged and did not want to require Patricia "to be in that environment again."

Kevin has not argued the district court made a mistake of fact or a mistake of law. A reasonable person could agree with the district court that marriage counseling was not appropriate in this circumstance. Thus, the district court did not abuse its discretion when it denied Kevin's motion.

Affirmed.